## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
<u>Alexandria</u> **Division**

In re   Qimonda AG

Case No. <u>09-14766-RGM</u>

Adv. Proceeding No. _____

**F I L E D**

**APR 1 2 2010**

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**Debtor(s)**

### TRANSMITTAL OF RECORD ON APPEAL TO DISTRICT COURT

Pursuant to 28 U.S.C. 158, Notice of Appeal was filed herein on ____February 26, 2010____.

The parties included in the Appeal to the District Court:

APPELLANT(S): <u>United States International Trade Commission</u>

ATTORNEY: <u>Robert K. Coulter, Assistant U. S. Attorney (703) 299-3745</u>

<u>2100 Jamieson Avenue</u>

<u>Alexandria, VA 22314</u>

APPELLEE (S): <u>Administrator of the Qimonda AG Estate, Dr. Michael Jaffe</u>

<u>United States Trustee, 115 S. Union St., Ste 210 Alexandria, VA 22314</u>

ATTORNEY: <u>Jeffrey A. Showalter, Esquire   (703) 760-7700 [Counsel to Administrator]</u>

<u>Morrison & Foerster, LLP</u>

<u>1650 Tysons Boulevard, Suite 400, McLean, VA 22102</u>

Brief Description of Judgment/Order Appealed: <u>Memorandum of Opinion - (Docket Entry # 233) and</u>
<u>Order, Automatic Stay is in Full Force and Effect - (Docket Entry # 234)</u>

Date Judgment/Order Entered: _____February 16, 2010_____

1. Filing Fees:   A. Notice of Appeal - Filing Fee $5.00        ( ) Paid    ( ) Not Paid   (x) Filing Fees Exempt
                  B. Appeal Docket Fee - $250.00              ( ) Paid    ( ) Not Paid   ( ) Deferred. See attached Request
2. (X) Notice of Appeal, Order/Judgment, True Copy Teste of Docket Record, and Designation(s) [if any]
3. ( ) No Designation of Record on Appeal filed (See Certification Below)
4. ( ) Copies of items designated by Appellant/Appellee have/have not been submitted pursuant to FRBP 8006 and LBR 8006-1.

Date: <u>April 09, 2010</u>

WILLIAM C. REDDEN, Clerk of the Court
By: <u>/s/ Denise S. Williams</u>_____, Deputy Clerk

### CERTIFICATION TO APPELLATE COURT
It is hereby certified that the designation of record required by Federal Rule of Bankruptcy Procedure 8006 and Local Bankruptcy Rule 8006-1 has not been filed within 14 days after the filing of the notice of appeal.

WILLIAM C. REDDEN, Clerk of the Court
By: _____, Deputy Clerk

**District Clerk - Please complete and return second copy.**

DISTRICT COURT CASE NUMBER <u>1:10 cv 367 TSE/JFA</u>   Date <u>4 | 12 | 2010</u>

cc: Attorney for Appellant(s)
    Attorney for Appellee(s)

[apptrans ver. 12/09]

Appeal

# U.S. Bankruptcy Court
## Eastern District of Virginia (Alexandria)
## Bankruptcy Petition #: 09-14766-RGM

*Date filed:*  06/15/2009

*Assigned to:* Robert G. Mayer
Chapter 15
Voluntary
Asset

*Debtor*
**Qimonda AG**
Gustav-Heinemann-Ring 212, 81739
Munich, GE 22314

represented by **Jeff A. Showalter**
Morrison & Foerster, LLP
2000 Pennsylvania Avenue,
N.W.
Suite 6000
Washington, DC 20006-1888
202-887-1500
Fax : 202-887-0763

**Jeffrey Anderson Showalter**
Morrison & Foerster LLP
1650 Tysons Blvd. Suite 400
McLean, VA 22102
(703) 760-7760
Email: jshowalter@mofo.com

**William A. Gray**
Sands Anderson
P.O. Box 1998
Richmond, VA 23218-1998
(804) 783-7237
Email:
bgray@sandsanderson.com

| Filing Date | # | Docket Text |
|---|---|---|
| 06/15/2009 | ◎ 1 | Petition for Recognition of Main Foreign Proceeding Filed by Jeff A. Showalter of Morrison & Foerster, LLP on behalf of Qimonda AG. (Shepherd, Anthony) |
| 06/15/2009 | ◎ 2 | Receipt of Petition Filing Fee. Receipt Number 123237 Fee Amount $ 1039.00 (Shepherd, Anthony) |
|  |  | Statement : *Request For Waiver To File By Computer Diskette Or* |

| | | |
|---|---|---|
| 06/15/2009 | 🔵 3 | *Conventionally* filed by Jeff A. Showalter of Morrison & Foerster, LLP on behalf of Qimonda AG. (Glenn, Jillinda) (Entered: 06/16/2009) |
| 06/15/2009 | 🔵 4 | Notice of Appearance *and Request For Service Of Papers and counsel to Dr. Michael Jaffe'* filed by Jeff A. Showalter of Morrison & Foerster, LLP on behalf of Qimonda AG. (Glenn, Jillinda) (Entered: 06/16/2009) |
| 06/15/2009 | 🔵 5 | Motion to Appear Pro Hac Vice *Brett H. Miller* filed by Jeff A. Showalter of Morrison & Foerster, LLP on behalf of Qimonda AG. (Attachments: # 1 Proposed Order) (Glenn, Jillinda) (Entered: 06/16/2009) |
| 06/15/2009 | 🔵 6 | Motion to Appear Pro Hac Vice *Todd M. Goren* filed by Jeff A. Showalter of Morrison & Foerster, LLP on behalf of Qimonda AG. (Attachments: # 1 Proposed Order) (Glenn, Jillinda) (Entered: 06/16/2009) |
| 06/15/2009 | 🔵 7 | Motion to Approve *: Verified Petition for Recognition of a Foreign Main Proceeding and Motion for Permanent Injunction and Related Relief* filed by Jeff A. Showalter of Morrison & Foerster, LLP on behalf of Qimonda AG. (Attachments: # 1 Proposed Order) (Glenn, Jillinda) (Entered: 06/16/2009) |
| 06/15/2009 | 🔵 8 | Memorandum *of Law in Support of Petition for Recognition of a Foreign Main Proceeding and Motion for Permanent Injunction and Related Relief* filed by Jeff A. Showalter of Morrison & Foerster, LLP on behalf of Qimonda AG. (Glenn, Jillinda) (Entered: 06/16/2009) |
| 06/15/2009 | 🔵 9 | Motion to Approve *: Application for Order Scheduling Hearing and Specifying the Form and Manner of Service and Notice* filed by Jeff A. Showalter of Morrison & Foerster, LLP on behalf of Qimonda AG. (Attachments: # 1 Proposed Order) (Glenn, Jillinda) (Entered: 06/16/2009) |
| 06/15/2009 | 🔵 10 | Statement *of Rechtsanwalt Dr. Michael Jaffe'* filed by Jeff A. Showalter of Morrison & Foerster, LLP on behalf of Qimonda AG. (Glenn, Jillinda) (Entered: 06/16/2009) |
| 06/15/2009 | 🔵 11 | Declaration *of Ursula Schlegel* filed by Jeff A. Showalter of Morrison & Foerster, LLP on behalf of Qimonda AG. (Attachments: # 1 Exhibit(s) # 2 Exhibit(s) # 3 Exhibit(s) # 4 Exhibit(s) # 5 Exhibit(s))(Glenn, Jillinda) (Entered: 06/16/2009) |
| | | Declaration *of Thomas Seifert(Re: related document(s) 7 Motion* |

| 06/15/2009 | �e 12 | to Approve filed by Qimonda AG) filed by Jeff A. Showalter of Morrison & Foerster, LLP on behalf of Qimonda AG. (Glenn, Jillinda) (Entered: 06/16/2009) |
|---|---|---|
| 06/15/2009 | �e 13 | Declaration of Rechtsanwalt Dr. Christian Pleister (Re: related document(s) 7 Motion to Approve filed by Qimonda AG) filed by Jeff A. Showalter of Morrison & Foerster, LLP on behalf of Qimonda AG. (Glenn, Jillinda) (Entered: 06/16/2009) |
| 06/16/2009 | �e 14 | Notice of Appearance and Request for Service of Papers filed by Dion W. Hayes of McGuireWoods LLP on behalf of Qimonda Richmond, LLC. (Hayes, Dion) |
| 06/16/2009 | �e 15 | Motion to Appear Pro Hac Vice Motion for Admission of Mark J. Thompson, Morris J. Massel and Terry Sanders to Appear Pro Hac Vice filed by Dion W. Hayes of McGuireWoods LLP on behalf of Qimonda Richmond, LLC. (Hayes, Dion) |
| 06/18/2009 | �e 16 | Order Scheduling Hearing and Specifying the Form and Manner of Service of Notice (Re: related document(s) 9 Motion to Approve filed by Qimonda AG) Hearing scheduled 7/22/2009 at 11:00 AM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Lewis, Barbara) |
| 06/18/2009 | �e 17 | Notice of Deficient Filing Issued to Jeff Showalter regarding Declaration of Divisional Venue (Re: related document(s) 1 Petition for Recognition of Foreign Proceeding filed by Qimonda AG) Document(s) due by 6/29/2009. (Glenn, Jillinda) |
| 06/18/2009 | �e 18 | Declaration of Divisional Venue filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 06/20/2009 | �e 19 | Notice of Deficient Filing (Re: related document(s) 17 Notice of Deficient Filing Issued) (Admin.) (Entered: 06/21/2009) |
| 06/20/2009 | �e 20 | BNC certificate of mailing of order (Re: related document(s) 16 Order Continuing/Rescheduling/Setting Hearing) (Admin.) (Entered: 06/21/2009) |
| 06/23/2009 | �e 21 | Emergency Motion for Preliminary Injunction / Emergency Motion for Provisional Injunctive Relief Pending Recognition of Foreign Main Proceeding, in the Form of a Preliminary Injunction After Notice and a Hearing filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |

| 06/23/2009 | ⊘ 22 | Certificate of Service (Re: related document(s) 1 Petition for Recognition of Foreign Proceeding filed by Qimonda AG, 7 Motion to Approve filed by Qimonda AG, 16 Order Continuing/Rescheduling/Setting Hearing) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
|---|---|---|
| 06/23/2009 | ⊘ 23 | Order Granting Request for Expedited Hearing (Re: related document(s) 21 Motion for Preliminary Injunction filed by Qimonda AG) Hearing scheduled 7/1/2009 at 11:00 AM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Lewis, Barbara) |
| 06/23/2009 | ⊘ 24 | Certificate of Service (Re: related document(s) 21 Motion for Preliminary Injunction filed by Qimonda AG, 23 Order Continuing/Rescheduling/Setting Hearing) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 06/24/2009 | ⊘ 25 | Order Granting Motion to Appear Pro Hac Vice (Related Doc # 5 ) (Glenn, Jillinda) |
| 06/24/2009 | ⊘ 26 | Order Granting Motion to Appear Pro Hac Vice (Related Doc # 6 ) (Glenn, Jillinda) |
| 06/24/2009 | ⊘ 27 | Order Granting Motion to Appear Pro Hac Vice (Related Doc # 15 ) (Glenn, Jillinda) |
| 06/26/2009 | ⊘ 28 | BNC certificate of mailing of order (Re: related document(s) 25 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 06/27/2009) |
| 06/26/2009 | ⊘ 29 | BNC certificate of mailing of order (Re: related document(s) 26 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 06/27/2009) |
| 06/26/2009 | ⊘ 30 | BNC certificate of mailing of order (Re: related document(s) 27 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 06/27/2009) |
| | | Objection to *Qimonda AG's Emergency Motion for Provisional Injunctive Relief, Pending Recognition of Foreign Main Proceeding, in the Form of a Preliminary Injunction and Memorandum in Support Thereof* (Re: related document(s) 21 motion Motion for Preliminary Injunction filed by Qimonda AG) filed by Robert H. Chappell III of Spotts Fain PC on behalf of Agere Systems, Inc., LSI Corporation. (Attachments: # 1 Exhibit |

| 06/30/2009 | 31 | (s) Exhibit 1# 2 Exhibit(s) Exhibit 2) (Chappell, Robert) |
|---|---|---|
| 06/30/2009 | 32 | Notice of Appearance *and Request for Service* filed by Robert H. Chappell III of Spotts Fain PC on behalf of Agere Systems, Inc., LSI Corporation. (Chappell, Robert) |
| 07/01/2009 | 33 | Affidavit *of Publication of the Notice of Filing and Hearing on Petition Under Chapter 15 of the United States Bankruptcy Code of Tim Hart in the Worldwide Editions of the Financial Times* filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 07/01/2009 | 34 | Affidavit *of Publication of the Notice of Filing and Hearing on Petition Under Chapter 15 of the United States Bankruptcy Code of Erin Ostenson in the National Edition of the Wall Street Journal* filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 07/01/2009 | 35 | Hearing held CT: Emergency Motion for Preliminay Injunction Granted - Order to be Submitted (Re: related document(s) 21 Motion for Preliminary Injunction filed by Qimonda AG) (Appearances: Jeffrey Showalter, Brett Miller & Matthew Dunn/Dbt and Robert Chappell/Agere & LSI) (Williams, Regina) |
| 07/02/2009 | 36 | Order Granting Motion for Preliminary Injunction (Related Doc # 21 ) (Mayer, Robert) |
| 07/04/2009 | 37 | BNC certificate of mailing of order (Re: related document(s) 36 Order on Motion for Preliminary Injunction) (Admin.) (Entered: 07/05/2009) |
| 07/09/2009 | 38 | Motion to Appear Pro Hac Vice *of Matthew S. Dunne* filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Attachments: # 1 Proposed Order # 2 Exhibit(s) 2) (Showalter, Jeffrey) |
| 07/13/2009 | 39 | Notice of Appeal *of LSI Corporation and Agere Systems, Inc.* (Re: related document(s) 36 Order on Motion for Preliminary Injunction) filed by Erin Elizabeth Kessel of Spotts Fain PC on behalf of Agere Systems, Inc., LSI Corporation. Appellant Designation due by 7/23/2009. (Kessel, Erin) |
| 07/14/2009 | 40 | U.S. Treasury receipt of Notice of Appeal(09-14766-RGM) [appeal,97] ( 255.00) filing fee. Receipt number 9349657, amount $ 255.00. (U.S. Treasury) |
| | | Order Granting Matthew S Dunne to Appear Pro Hac Vice in this |

| 07/14/2009 | ◷ 41 | matter on behalf of Dr. Michael Jaffe (Related Doc # 38 ) (Chandler, Kimberly) |
|---|---|---|
| 07/15/2009 | ◷ 42 | Stipulation *Extending Deadline for Certain Parties to Respond or Object to Verified Petition for Recognition of a Foreign Main Proceeding and Motion for Permanent Injunction and Related Relief Pursuant to 11 U.S.C. Sections 1504, 1515, 1517, 1520, and 1521* By Qimonda Richmond, LLC and Between Petitioner Michael Jaffe, Qimonda North America Corp., Qimonda Richmond, LLC, and Official Committee of Unsecured Creditors of Qimonda Richmond, LLC and Qimonda North America Corp. (Re: related document(s) 7 Motion to Approve filed by Qimonda AG) filed by Dion W. Hayes of McGuireWoods LLP on behalf of Qimonda Richmond, LLC. (Hayes, Dion) |
| 07/15/2009 | ◷ 43 | Stipulation By Qimonda AG and Between Between Petitioner Michael Jaffe and the WARN Plaintiffs filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 07/15/2009 | ◷ 44 | Response to *Qimonda AG's Verified Petition for Recognition of a Foreign Main Proceeding and Motion for Permanent Injunction and Related Relief* (Re: related document(s) 7 motion Motion to Approve filed by Qimonda AG) filed by Robert H. Chappell III of Spotts Fain PC on behalf of Agere Systems, Inc., LSI Corporation. (Chappell, Robert) |
| 07/16/2009 | ◷ 45 | Objection to *styled as Objection of Qimonda Employee Plaintiffs to Qimonda AG's Motion to Approve Verified Petition for Recognition of a Foreign Main Proceeding and Motion for Permanent Injunction and Related Relief and Qimonda Employee Plaintiffs' Request for Relief from the Automatic Stay to Liquidate Claim in District Court* (Re: related document(s) 7 motion Motion to Approve filed by Qimonda AG) filed by William A. Gray of Sands Anderson Marks & Miller on behalf of Olga Vaysman, Kathleen Hall, Jon Earle, Brian Carey, Claude Edmonds, Jacob Evans, Lawrence D. Meyer, Cheryl Maxey, Christopher Shull, Bonnie Wright, Linda Frazier, Lakita Blair. (Attachments: # 1 Exhibit(s) Exhibit C to Objection# 2 Exhibit(s) Exhibit D to Objection# 3 Exhibit(s) Exhibits A and B to Objection# 4 Exhibit(s) Exhibits E and F to Objection) (Gray, William) |
| 07/16/2009 | ◷ 46 | Response to *Motion for Injunctive Relief* (Re: related document(s) 9 Motion to Approve filed by Qimonda AG) filed by Robert K. Coulter of Office of the US Attorney on behalf of United States of America. (Attachments: # 1 Exhibit(s) Opinion) (Coulter, Robert) |

| 07/16/2009 | 🔍 47 | Memorandum Opinion (Re: related document(s) 21 Motion for Preliminary Injunction filed by Qimonda AG) (Mayer, Robert) |
| 07/16/2009 | 🔍 48 | BNC certificate of mailing of order (Re: related document(s) 41 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 07/17/2009) |
| 07/17/2009 | 🔍 49 | Motion to Appear Pro Hac Vice *of Joanne B. Wills* filed by William A. Gray of Sands Anderson Marks & Miller on behalf of Qimonda AG. (Gray, William) |
| 07/17/2009 | 🔍 50 | Motion to Appear Pro Hac Vice *of Charles A. Ercole* filed by William A. Gray of Sands Anderson Marks & Miller on behalf of Qimonda AG. (Gray, William) |
| 07/20/2009 | 🔍 51 | Order Granting Motion to Appear Pro Hac Vice of Joanne B. Wills(Related Doc # 49 ) (Douglass, Elizabeth) |
| 07/20/2009 | 🔍 52 | Order Granting Motion to Appear Pro Hac Vice of Charles A. Ercole (Related Doc # 50 ) (Douglass, Elizabeth) |
| 07/20/2009 | 🔍 53 | Omnibus Reply *of Petitioner, Dr. Michael Jaff to Objections to Verified Petition for Recognition of a Foreign Main Proceeding and Motion for Permanent Injunction and Related Relief Pursuant to 11 U.S.C. §§ 1504, 1515, 1517, 1520, and 1521* (Re: related document(s) 44 Response to Motion/Application filed by LSI Corporation, Agere Systems, Inc., 45 Objection to Motion/Application filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman, 46 Response filed by United States of America) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 07/20/2009 | 🔍 54 | Motion to Appear Pro Hac Vice filed by Robert H. Chappell III of Spotts Fain PC on behalf of Agere Systems, Inc., LSI Corporation. (Attachments: # 1 Proposed Order) (Chappell, Robert) |
| 07/22/2009 | 🔍 55 | Order Granting Motion to Appear Pro Hac Vice (Related Doc # 54 ) (Glenn, Jillinda) |
| 07/22/2009 | 🔍 56 | Order granting petition of foreign representative to recognize foreign main proceeding(Related Doc # 7 ) (Mayer, Robert) |
| | | Supplemental Order on Petition for Recognition of Foreign Proceeding (Re: related document(s) 1 Petition for Recognition of |

| 07/22/2009 | 57 | Foreign Proceeding filed by Qimonda AG) (Mayer, Robert) |
| 07/22/2009 | 58 | BNC certificate of mailing of order (Re: related document(s) 51 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 07/23/2009) |
| 07/22/2009 | 59 | BNC certificate of mailing of order (Re: related document(s) 52 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 07/23/2009) |
| 07/22/2009 | 60 | Hearing held CT: Petition for Reconition Granted as Foreign Main Proceeding - Order to be Entered; 362(B)(4) Issue Taken Under Advisement (Re: related document(s) 9 Motion to Approve filed by Qimonda AG) (Appearances: Robert Chappell & Andrew Pratt/Agere; Dion Hayes & Morris Massel/Qimonda Richmond; Jeff Showalter, Brett Miller, Matthew Dunne & Todd Goren/Dbt; Robert Courtler/Justice and Joanne Wills/Employees) (Williams, Regina) (Entered: 07/23/2009) |
| 07/23/2009 | 61 | Request for Notice/Service filed by William A. Gray of Sands Anderson Marks & Miller on behalf of Brian Carey, Jon Earle, Claude Edmonds, Jacob Evans, Linda Frazier, Kathleen Hall, Lakita Blair, Cheryl Maxey, Lawrence D. Meyer, Christopher Shull, Olga Vaysman, Bonnie Wright. (Gray, William) |
| 07/23/2009 | 62 | Scheduling Order; Hearing set for 10/1/2009 at 11:00 AM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Lewis, Barbara) |
| 07/24/2009 | 63 | BNC certificate of mailing of order (Re: related document(s) 55 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 07/25/2009) |
| 07/27/2009 | 64 | Notice and Withdrawal *of Notice of Appeal* (Re: related document (s) 39 Notice of Appeal filed by LSI Corporation, Agere Systems, Inc.) filed by Erin Elizabeth Kessel of Spotts Fain PC on behalf of Agere Systems, Inc., LSI Corporation. (Kessel, Erin) |
| | | Transcript filed Re: Hearing Held 7/22/2009, regarding Qimonda IG. Remote electronic access to the transcript is restricted until 10/26/2009. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office] or [Contact the Court Reporter/Transcriber DRS, Inc., Telephone number 202-467-9200.] [Transcript Purchased by Morrison & Foerster.] (RE: related document(s) 58 BNC certificate of mailing of order, 59 BNC certificate of mailing of order, 60 Hearing held CT: Petition for Reconition Granted as Foreign Main Proceeding - Order to be |

| | | |
|---|---|---|
| 07/28/2009 | 65 | Entered; 362). Notice of Intent to Request Redaction Deadline Due By 08/4/2009. Redaction Request Due By 08/18/2009. Redacted Transcript Submission Due By 08/28/2009. Transcript access will be restricted through 10/26/2009. (Yenchochic, Michelle) |
| 07/31/2009 | 66 | Motion for Relief from Stay Re: *styled as Motion of the Qimonda Employee Plaintiffs for Relief from the Automatic Stay to Permit the Qimonda Employee Plaintiffs to Liquidate Their Claims in Delaware District Court* filed by William A. Gray of Sands Anderson Marks & Miller on behalf of Brian Carey, Jon Earle, Claude Edmonds, Jacob Evans, Linda Frazier, Kathleen Hall, Lakita Blair, Cheryl Maxey, Lawrence D. Meyer, Christopher Shull, Olga Vaysman, Bonnie Wright. Hearing scheduled 10/1/2009 at 11:00 AM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Gray, William) |
| 07/31/2009 | 67 | U.S. Treasury receipt of Motion for Relief from Stay(09-14766-RGM) [motion,185] ( 150.00) filing fee. Receipt number 9437407, amount $ 150.00. (U.S. Treasury) |
| 07/31/2009 | 68 | Memorandum *of Law in Support of the Motion of the Qimonda Employee Plaintiffs for Relief from the Automatic Stay to Permit the Qimonda Employee Plaintiffs to Liquidate Their Claims in Delaware District Court* (Re: related document(s) 66 Motion for Relief from Stay filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman) filed by William A. Gray of Sands Anderson Marks & Miller on behalf of Brian Carey, Jon Earle, Claude Edmonds, Jacob Evans, Linda Frazier, Kathleen Hall, Lakita Blair, Cheryl Maxey, Lawrence D. Meyer, Christopher Shull, Olga Vaysman, Bonnie Wright. (Attachments: # 1 Exhibit (s) Exhibits A - E to Memorandum in Support of Motion)(Gray, William) |
| | | Exhibit *F through I to Memorandum in Support of Motion for Relief From Stay* (Re: related document(s) 66 Motion for Relief from Stay filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman, 68 Memorandum filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman) filed by William A. Gray of Sands Anderson Marks & Miller on behalf of Brian Carey, Jon Earle, Claude Edmonds, Jacob Evans, Linda Frazier, Kathleen Hall, Lakita Blair, Cheryl Maxey, Lawrence D. Meyer, |

| 07/31/2009 | �e 69 | Christopher Shull, Olga Vaysman, Bonnie Wright. (Attachments: # 1 Exhibit(s) Exhibit I to Memorandum in Support of Motion for Relief# 2 Exhibit(s) Exhibit J to Memorandum in Support of Motion for Relief)(Gray, William) |
| --- | --- | --- |
| 07/31/2009 | �e 70 | Exhibit *J and K to Memorandum in Support of Motion for Relief From Stay* (Re: related document(s) 66 Motion for Relief from Stay filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman, 68 Memorandum filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman, 69 Exhibit filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman) filed by William A. Gray of Sands Anderson Marks & Miller on behalf of Brian Carey, Jon Earle, Claude Edmonds, Jacob Evans, Linda Frazier, Kathleen Hall, Lakita Blair, Cheryl Maxey, Lawrence D. Meyer, Christopher Shull, Olga Vaysman, Bonnie Wright. (Attachments: # 1 Exhibit(s) Exhibit K to Memorandum in Support of Motion for Relief from Stay)(Gray, William) |
| 07/31/2009 | �e 71 | Notice of Motion and Notice of Hearing (Re: related document(s) 66 Motion for Relief from Stay filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman) filed by William A. Gray of Sands Anderson Marks & Miller on behalf of Brian Carey, Jon Earle, Claude Edmonds, Jacob Evans, Linda Frazier, Kathleen Hall, Lakita Blair, Cheryl Maxey, Lawrence D. Meyer, Christopher Shull, Olga Vaysman, Bonnie Wright. Hearing scheduled 10/1/2009 at 11:00 AM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Gray, William) |
| 08/09/2009 | �e 72 | Notice of Filing of Official Transcript. Notice is hereby given that an official transcript has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period. (Re: related document(s) 65 Transcript filed) (Admin.) (Entered: 08/10/2009) |
| | | Objection to / *Objection of Petitioner, Dr. Michael Jaffe to WARN Plaintiffs Motion for Relief from the Automatic Stay* (Re: related document(s) 66 motion Motion for Relief from Stay filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude |

| | | |
|---|---|---|
| 08/14/2009 | ☻ 73 | Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 08/14/2009 | ☻ 74 | Declaration *of Ursula Schlegel Pursuant to 28 U.S.C. Section 1746* (Re: related document(s) 73 Objection to Motion/Application filed by Qimonda AG) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 08/15/2009 | ☻ 75 | Certificate of Service (Re: related document(s) 73 Objection to Motion/Application filed by Qimonda AG, 74 Declaration filed by Qimonda AG) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 08/31/2009 | ☻ 76 | Amended Declaration */ Amendment to Declaration of Ursula Schlegel* (Re: related document(s) 74 Declaration filed by Qimonda AG) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 09/02/2009 | ☻ 77 | Notice of Depositions *of Dr. Michael Jaffe* filed by William A. Gray of Sands Anderson Marks & Miller on behalf of Brian Carey, Jon Earle, Claude Edmonds, Jacob Evans, Linda Frazier, Kathleen Hall, Lakita Blair, Cheryl Maxey, Lawrence D. Meyer, Christopher Shull, Olga Vaysman, Bonnie Wright. (Gray, William) |
| 09/02/2009 | ☻ 78 | Notice of Depositions *of Ursula Schelgel* filed by William A. Gray of Sands Anderson Marks & Miller on behalf of Brian Carey, Jon Earle, Claude Edmonds, Jacob Evans, Linda Frazier, Kathleen Hall, Lakita Blair, Cheryl Maxey, Lawrence D. Meyer, Christopher Shull, Olga Vaysman, Bonnie Wright. (Gray, William) |
| 09/11/2009 | ☻ 79 | Motion to Quash */ Motion of Qimonda AG to Quash Deposition Notices and for a Protective Order* (Related Document(s) 77 Notice of Depositions filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman, 78 Notice of Depositions filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| | | Exhibit */ Exhibits 1, 2 and 3 to the Motion of Qimonda AG to* |

| | | |
|---|---|---|
| 09/11/2009 | 🌐 80 | *Quash Deposition Notices and for a Protective Order* (Re: related document(s) 79 Motion to Quash filed by Qimonda AG) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Attachments: # 1 Exhibit(s) 3) (Showalter, Jeffrey) |
| 09/11/2009 | 🌐 81 | Certificate of Service (Re: related document(s) 79 Motion to Quash filed by Qimonda AG) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 09/14/2009 | 🌐 82 | Order Granting Expedited Hearing (Re: related document(s) 79 Motion to Quash filed by Qimonda AG) Hearing scheduled 9/22/2009 at 11:00 AM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Lewis, Barbara) |
| 09/18/2009 | 🌐 83 | Objection to *styled as Objection by Qimonda Employee Plaintiffs to Qimonda AG's Motion to Quash Deposition Notices and for a Protective Order* (Re: related document(s) 79 motion Motion to Quash filed by Qimonda AG) filed by William A. Gray of Sands Anderson Marks & Miller on behalf of Brian Carey, Jon Earle, Claude Edmonds, Jacob Evans, Linda Frazier, Kathleen Hall, Lakita Blair, Cheryl Maxey, Lawrence D. Meyer, Christopher Shull, Olga Vaysman, Bonnie Wright. (Gray, William) |
| 09/21/2009 | 🌐 84 | Reply *Memorandum of Law in Support of Motion of Qimonda AG to Quash Deposition Notice and for a Protective Order* (Re: related document(s) 79 Motion to Quash filed by Qimonda AG, 80 Exhibit filed by Qimonda AG, 83 Objection to Motion/Application filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Attachments: # 1 Certificate of Service) (Showalter, Jeffrey) |
| 09/22/2009 | 🌐 85 | Hearing held CT: Motion to Quash Deposition Granted - Order to be Submitted (Re: related document(s) 79 Motion to Quash filed by Qimonda AG) (Appearances: William Gray & Joanne Willis/Employees and John Trocki/Dbt) (Williams, Regina) (Entered: 09/24/2009) |
| 09/24/2009 | 🌐 86 | Order Granting the Motion of Qimonda AG to Quash Deposition Notice for Dr. Michael Jaffe (Related Doc # 79 ) (Williams, Denise) |
| | | List of Witnesses / *Witness List and Exhibit List for Qimonda AG* |

| | | |
|---|---|---|
| 09/24/2009 | ✪ 87 | filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Attachments: # 1 Exhibit(s) A 1 of 3# 2 Exhibit(s) A 2 of 3# 3 Exhibit(s) A 3 of 3# 4 Exhibit(s) B) (Showalter, Jeffrey) |
| 09/24/2009 | ✪ 88 | Certificate of Service (Re: related document(s) 87 List of Witnesses filed by Qimonda AG) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 09/24/2009 | ✪ 89 | List of Exhibits *for Qimonda Employee Plaintiffs*, List of Witnesses *For Qimonda Employee Plaintiffs* (Re: related document(s) 62 Order Scheduling Trial, 66 Motion for Relief from Stay filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman) filed by William A. Gray of Sands Anderson Marks & Miller on behalf of Brian Carey, Jon Earle, Claude Edmonds, Jacob Evans, Linda Frazier, Kathleen Hall, Lakita Blair, Cheryl Maxey, Lawrence D. Meyer, Christopher Shull, Olga Vaysman, Bonnie Wright. (Attachments: # 1 Exhibit(s) 1# 2 Exhibit(s) 2# 3 Exhibit(s) 3# 4 Exhibit(s) 4# 5 Exhibit(s) 5# 6 Exhibit(s) 6# 7 Exhibit(s) 7# 8 Exhibit(s) 8# 9 Exhibit(s) 9# 10 Exhibit(s) 10# 11 Exhibit(s) 11)(Gray, William) |
| 09/26/2009 | ✪ 90 | BNC certificate of mailing of order (Re: related document(s) 86 Order on Motion to Quash) (Admin.) (Entered: 09/27/2009) |
| 09/29/2009 | ✪ 91 | Receipt of Exhibits and Notice (Re: related document(s) 89 List of Exhibits filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman, List of Witnesses) (Williams, Denise) |
| 09/29/2009 | ✪ 92 | Receipt of Exhibits and Notice (Re: related document(s) 87 List of Witnesses filed by Qimonda AG) (Williams, Denise) |
| 10/01/2009 | ✪ 93 | Hearing held CT: Motion for Relief from Stay Denied - Order to be Submitted (Re: related document(s) 66 Motion for Relief from Stay filed by Lakita Blair, Linda Frazier, Bonnie Wright, Christopher Shull, Cheryl Maxey, Lawrence D. Meyer, Jacob Evans, Claude Edmonds, Brian Carey, Jon Earle, Kathleen Hall, Olga Vaysman) (Appearances: William Gray, Joanne Wills & Ashley Burgess/Qimonda Employees and John Trocki, Brett Miller & Jeff Showalter/Debtor; Witness: Jacob Evans, Cherly Maxey and Ursula Schlegel) (Williams, Regina) |
| | | Order Denying the Motion of The Qimonda Employee Plaintiffs |

| 10/05/2009 | 94 | for Relief from Stay (Related Doc # 66 ) (Williams, Denise) |
|---|---|---|
| 10/07/2009 | 95 | BNC certificate of mailing of order (Re: related document(s) 94 Order on Motion for Relief from Stay) (Admin.) (Entered: 10/08/2009) |
| 10/08/2009 | 96 | Motion to Amend *Supplemental Order* (Related Document(s) 57 Order on Petition for Recognition of Foreign Proceeding) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 10/08/2009 | 97 | Certificate of Service (Re: related document(s) 96 Motion to Amend filed by Qimonda AG) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 10/13/2009 | 98 | Acknowledgment of Receipt of Exhibits and Notice (Re: related document(s) 92 Receipt of Exhibits and Notice) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Williams, Denise) (Entered: 10/14/2009) |
| 10/21/2009 | 99 | Notice of Appearance *and Request for Service of Papers* filed by John K. Hsu of Winston & Strawn LLP on behalf of Nanya Technology Corporation. (Williams, Denise) |
| 10/21/2009 | 100 | Objection to *Debtor's Motion to Amend Supplemental Order* (Re: related document(s) 96 motion Motion to Amend filed by Qimonda AG) filed by John K. Hsu of Winston & Strawn LLP on behalf of Nanya Technology Corporation. (Attachments: # 1 Declaration of Marc S. Palay# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit F# 8 Certificate of Service# 9 Request for Waiver to File by Computer Diskette or Conventionally) (Williams, Denise) |
| 10/21/2009 | 101 | Notice of Appearance *and Request for Service of Papers* filed by James W. Reynolds of Odin, Feldman & Pittleman on behalf of Micron Technology, Inc.. (Reynolds, James) |
| 10/21/2009 | 102 | Motion to Appear Pro Hac Vice - *Adam P. Strochak* filed by James W. Reynolds of Odin, Feldman & Pittleman on behalf of Micron Technology, Inc.. (Reynolds, James) |
| 10/21/2009 | 103 | Motion to Appear Pro Hac Vice - *Alfredo R. Perez* filed by James W. Reynolds of Odin, Feldman & Pittleman on behalf of Micron Technology, Inc.. (Reynolds, James) |
| | | Motion to Appear Pro Hac Vice - *Manesh J. Shah* filed by James |

| 10/21/2009 | ◔ 104 | W. Reynolds of Odin, Feldman & Pittleman on behalf of Micron Technology, Inc.. (Reynolds, James) |
| 10/21/2009 | ◔ 105 | Limited Objection to *Motion to Amend Supplemental Order* (Re: related document(s) <u>96</u> motion Motion to Amend filed by Qimonda AG) filed by James W. Reynolds of Odin, Feldman & Pittleman on behalf of Micron Technology, Inc.. (Reynolds, James) |
| 10/21/2009 | ◔ 106 | Notice of Appearance *and Request for Service of Notices and Papers* filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Rosado, Roxanne) |
| 10/21/2009 | ◔ 107 | Motion to File Document(s) Under Seal filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: # 1 Proposed Order) (Rosado, Roxanne) |
| 10/21/2009 | ◔ 108 | Objection to *Motion to Amend Supplemental Order and Cross-Motion for Relief under Sections 365 and 363 of the Bankruptcy Code* (Re: related document(s) <u>96</u> motion Motion to Amend filed by Qimonda AG) filed by Stephen E. Leach of Leach Travell Britt, PC on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Leach, Stephen) |
| 10/21/2009 | ◔ 109 | Motion to Shorten Time *Regarding Cross-Motion For Relief Under Sections 365 and 363 of the United States Bankruptcy Code and to Consolidate Hearing* filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: # <u>1</u> Proposed Order) (Rosado, Roxanne) |
| 10/21/2009 | ◔ 110 | Motion to Appear Pro Hac Vice *of Jennifer M. Selendy* filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: # 1 Proposed Order) (Rosado, Roxanne) |
|  |  | Objection to *Foreign Representative's Motion to Amend Supplemental Order and Cross-Motion for Relief under Sections 365 and 363 of the Bankruptcy Code [EXHIBITS TO THE OBJECTION AND CROSS-MOTION FOR DOCKET ENTRY 108]* (Re: related document(s) <u>96</u> motion Motion to Amend filed by Qimonda AG) filed by Stephen E. Leach of Leach Travell Britt, PC on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: |

| | | |
|---|---|---|
| 10/21/2009 | 🔘 111 | # 1 Index to Exhibit to Objection to Motion to Amend Supplemental Motion and Cross-Motion# 2 Exhibit 1# 3 Exhibit 2# 4 Exhibit 3# 5 Exhibit 4# 6 Exhibit 5# 7 Exhibit 6# 8 Exhibit 7# 9 Exhibit 8# 10 Exhibit 9(a)# 11 Exhibit 9(c)# 12 Exhibit 9(d)# 13 Exhibit 9(e)# 14 Exhibit 10(a)# 15 Exhibit 10(c)# 16 Exhibit 11(a)# 17 Exhibit 11(b)# 18 Exhibit 12# 19 Exhibit 13(a)# 20 Exhibit 13(b)# 21 Exhibit 14# 22 Exhibit 15# 23 Exhibit 18# 24 Exhibit 19# 25 Exhibit 20# 26 Exhibit 21) (Leach, Stephen) |
| 10/21/2009 | 🔘 112 | Motion to Appear Pro Hac Vice *of William Pratt* filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: # 1 Proposed Order) (Rosado, Roxanne) |
| 10/21/2009 | 🔘 113 | Objection to *Motion to Amend Supplemental Order and Cross-Motion for Relief under Sections 365 and 363 of the Bankruptcy Code -- Declaration of Dr. Bernd Meyer-Lowy -- FILED IN CONNECTION WITH DOCKET ENTRY NO. 108* (Re: related document(s) 96 motion Motion to Amend filed by Qimonda AG) filed by Stephen E. Leach of Leach Travell Britt, PC on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: # 1 Index to Exhibits to Meyer-Lowy Declaration# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit F# 8 Exhibit G# 9 Exhibit H# 10 Exhibit I# 11 Exhibit J# 12 Exhibit K# 13 Exhibit L# 14 Exhibit M# 15 Exhibit N) (Leach, Stephen) |
| 10/22/2009 | 🔘 114 | Notice of Deficient Filing Issued to James Reynolds, Esquire regarding Notice of Appearance; the ECF registered participant attorney filing the document does not match the attorney's signature on the document. (Re: related document(s) 101 Notice of Appearance filed by Micron Technology, Inc.) Document(s) due by 11/2/2009. (Williams, Denise) |
| 10/22/2009 | 🔘 115 | Notice of Deficient Filing Issued to James Reynolds, Esquire regarding Motion to Appear Pro Hac Vice - Adam Strochak; Signature Required. The ECF registered participant attorney filing the document does not match the attorney's signature block on the document. (Re: related document(s) 102 Motion to Appear Pro Hac Vice filed by Micron Technology, Inc.) Document(s) due by 11/2/2009. (Williams, Denise) |
| | | Notice of Deficient Filing Issued to James Reynolds, Esquire regarding Motion to Appear Pro Hac Vice - Alfredo Perez; The ECF registered participant attorney filing the document does not match the attorney's signature on the document. (Re: related document(s) 103 Motion to Appear Pro Hac Vice filed by Micron |

| 10/22/2009 | ⊙ 116 | Technology, Inc.) Document(s) due by 11/2/2009. (Williams, Denise) |
| 10/22/2009 | ⊙ 117 | Notice of Deficient Filing Issued to James Reynolds, Esquire regarding Motion to Appear Pro Hac Vice - Manesh Shah; The ECF registered participant attorney filing the document does not match the attorney's signature on the document. (Re: related document(s) 104 Motion to Appear Pro Hac Vice filed by Micron Technology, Inc.) Document(s) due by 11/2/2009. (Williams, Denise) |
| 10/22/2009 | ⊙ 118 | Notice of Deficient Filing Issued to James Reynolds, Esquire regarding Limited Objection to Motion to Amend Supplemental Order; The ECF registered participant attorney filing the document does not match the attorney's signature on the document. (Re: related document(s) 105 Objection to Motion/Application filed by Micron Technology, Inc.) Document (s) due by 11/2/2009. (Williams, Denise) |
| 10/22/2009 | ⊙ 119 | Inquiry/General Checksheet Issued to James Reynolds, Esquire regarding Requirement of Form or Process re: Notice of Appearance / Motions to Appear Pro Hac Vice / Limited Objection; Documents not accompanied by a Certificate of Service/Proof of Service signed by counsel. (Re: related document(s) 101 Notice of Appearance filed by Micron Technology, Inc., 102 Motion to Appear Pro Hac Vice filed by Micron Technology, Inc., 103 Motion to Appear Pro Hac Vice filed by Micron Technology, Inc., 104 Motion to Appear Pro Hac Vice filed by Micron Technology, Inc., 105 Objection to Motion/Application filed by Micron Technology, Inc.) (Williams, Denise) |
| 10/22/2009 | ⊙ 120 | Clerk's Certificate of Mailing. A copy of these documents were mailed by first class mail postage prepaid to James Reynolds, Esquire and Micron Technology, Inc. as required by the Bankruptcy Code, Bankruptcy Rules and Local Rules. (Re: related document(s) 114 Notice of Deficient Filing Issued, 115 Notice of Deficient Filing Issued, 116 Notice of Deficient Filing Issued, 117 Notice of Deficient Filing Issued, 118 Notice of Deficient Filing Issued, 119 Inquiry/General Checksheet) (Williams, Denise) |
|  |  | Notice of Deficient Filing Issued to Stephen Leach, Esquire regarding Objection; Document does not match the event entry used for docketing. Please review this filing and redocket using the correct event entry (Exhibits) or redocket to attach the correct document. (Re: related document(s) 111 Objection to Motion/Application filed by Samsung Electronics Co., Ltd., |

| 10/22/2009 | ⊙ 121 | Infineon Technologies, AG, Elpida Memory, Inc.) Document(s) due by 11/2/2009. (Williams, Denise) |
| --- | --- | --- |
| 10/22/2009 | ⊙ 122 | Notice of Deficient Filing Issued to Stephen Leach, Esquire regarding Objection; Document does not match the event entry used for docketing. Please review this filing and redocket using the correct event entry (Declaration of Dr. Bernd Meyer-Lowy) or redocket to attach the correct document. (Re: related document(s) 113 Objection to Motion/Application filed by Samsung Electronics Co., Ltd., Infineon Technologies, AG, Elpida Memory, Inc.) Document(s) due by 11/2/2009. (Williams, Denise) |
| 10/22/2009 | ⊙ 123 | Exhibit *Index and Exhibits* (Re: related document(s) 108 Objection to Motion/Application filed by Samsung Electronics Co., Ltd., Infineon Technologies, AG, Elpida Memory, Inc.) filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: # 1 Exhibit(s) Exhibit 1# 2 Exhibit(s) Exhibit 2# 3 Exhibit(s) Exhibit 3# 4 Exhibit(s) Exhibit 4# 5 Exhibit(s) Exhibit 5# 6 Exhibit(s) Exhibit 6# 7 Exhibit(s) Exhibit 7# 8 Exhibit(s) Exhibit 8# 9 Exhibit(s) Exhibit 9a# 10 Exhibit(s) Exhibit 9c# 11 Exhibit(s) Exhibit 9d# 12 Exhibit(s) Exhibit 9e# 13 Exhibit(s) Exhibit 10a# 14 Exhibit(s) Exhibit 10c# 15 Exhibit(s) Exhibit 11a# 16 Exhibit(s) Exhibit 11b# 17 Exhbit (s) Exhbt 12# 18 Exhibit(s) Exhibit 13a# 19 Exhibit(s) Exhibit 13b# 20 Exhibit(s) Exhibit 14# 21 Exhibit(s) Exhibit 15# 22 Exhibit(s) Exhibit 18# 23 Exhibit(s) Exhibit 19# 24 Exhibit(s) Exhibit 20# 25 Exhibit(s) Exhibit 21)(Rosado, Roxanne) |
| 10/23/2009 | ⊙ 124 | Declaration *of Dr. Bernd Meyer-Lowy* (Re: related document(s) 108 Objection to Motion/Application filed by Samsung Electronics Co., Ltd., Infineon Technologies, AG, Elpida Memory, Inc.) filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: # 1 Exhibit(s) Index of Exhibits to Declaration# 2 Exhibit(s) Exhibit A# 3 Exhibit(s) Exhibit B# 4 Exhibit(s) Exhibit C# 5 Exhibit(s) Exhibit D# 6 Exhibit(s) Exhibit E# 7 Exhibit(s) Exhibit F# 8 Exhibit(s) Exhibit G# 9 Exhibit(s) Exhibit H# 10 Exhibit(s) Exhibit I# 11 Exhibit(s) Exhibit J# 12 Exhibit(s) Exhibit K# 13 Exhibit(s) Exhibit L# 14 Exhibit(s) Exhibit M# 15 Exhibit(s) Exhibit N) (Rosado, Roxanne) |
|  |  | Withdrawal *of Docket Entry No. 111* (Re: related document(s) 111 Objection to Motion/Application filed by Samsung Electronics Co., Ltd., Infineon Technologies, AG, Elpida Memory, Inc.) filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, |

| 10/23/2009 | 125 | AG, Samsung Electronics Co., Ltd.. (Rosado, Roxanne) |
|---|---|---|
| 10/23/2009 | 126 | Withdrawal *of Docket Entry No. 113* (Re: related document(s) 113 Objection to Motion/Application filed by Samsung Electronics Co., Ltd., Infineon Technologies, AG, Elpida Memory, Inc.) filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Rosado, Roxanne) |
| 10/23/2009 | 127 | Corrected Notice of Appearance *and Request for Service of Papers w/ Request for Waiver to File Conventionally* (Re: related document(s) 101 Notice of Appearance filed by Micron Technology, Inc.) filed by David Nelson Southard of Weil, Gotshal & Manges, LLP on behalf of Micron Technology, Inc.. (Williams, Denise) |
| 10/23/2009 | 128 | Corrected Motion to Appear Pro Hac Vice - *Adam P. Strochak* (Related Document(s) 102 Motion to Appear Pro Hac Vice filed by Micron Technology, Inc.) filed by David Nelson Southard of Weil, Gotshal & Manges, LLP on behalf of Micron Technology, Inc.. (Attachments: # 1 Proposed Order) (Williams, Denise) |
| 10/23/2009 | 129 | Corrected Motion to Appear Pro Hac Vice - *Alfredo R. Perez* (Related Document(s) 103 Motion to Appear Pro Hac Vice filed by Micron Technology, Inc.) filed by David Nelson Southard of Weil, Gotshal & Manges, LLP on behalf of Micron Technology, Inc.. (Attachments: # 1 Proposed Order) (Williams, Denise) |
| 10/23/2009 | 130 | Corrected Motion to Appear Pro Hac Vice - *Manesh J. Shah* (Related Document(s) 104 Motion to Appear Pro Hac Vice filed by Micron Technology, Inc.) filed by David Nelson Southard of Weil, Gotshal & Manges, LLP on behalf of Micron Technology, Inc.. (Attachments: # 1 Proposed Order) (Williams, Denise) |
| 10/23/2009 | 131 | Corrected Objection *to Motion to Amend Supplemental Order* (Re: related document(s) 105 Objection to Motion/Application filed by Micron Technology, Inc.) filed by David Nelson Southard of Weil, Gotshal & Manges, LLP on behalf of Micron Technology, Inc.. (Williams, Denise) |
| 10/23/2009 | 132 | Motion to Appear Pro Hac Vice *of William E. Devitt, P.C.* filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: # 1 Proposed Order) (Rosado, Roxanne) |
|  |  | Motion to Appear Pro Hac Vice *of Matthew J. Hertko* filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of |

| 10/23/2009 | 🔁 133 | Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: # 1 Proposed Order) (Rosado, Roxanne) |
| 10/23/2009 | 🔁 134 | Motion to Appear Pro Hac Vice *of William A. Streff, Jr., P.C.* filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: # 1 Proposed Order) (Rosado, Roxanne) |
| 10/24/2009 | 🔁 135 | Notice of Deficient Filing (Re: related document(s) 114 Notice of Deficient Filing Issued) (Admin.) (Entered: 10/25/2009) |
| 10/24/2009 | 🔁 136 | Notice of Deficient Filing (Re: related document(s) 115 Notice of Deficient Filing Issued) (Admin.) (Entered: 10/25/2009) |
| 10/24/2009 | 🔁 137 | Notice of Deficient Filing (Re: related document(s) 116 Notice of Deficient Filing Issued) (Admin.) (Entered: 10/25/2009) |
| 10/24/2009 | 🔁 138 | Notice of Deficient Filing (Re: related document(s) 117 Notice of Deficient Filing Issued) (Admin.) (Entered: 10/25/2009) |
| 10/24/2009 | 🔁 139 | Notice of Deficient Filing (Re: related document(s) 118 Notice of Deficient Filing Issued) (Admin.) (Entered: 10/25/2009) |
| 10/24/2009 | 🔁 140 | Inquiry/General Checksheet BNC Certification of Service (Re: related document(s) 119 Inquiry/General Checksheet) (Admin.) (Entered: 10/25/2009) |
| 10/26/2009 | 🔁 141 | Order Granting Motion to File Certain Document Under Seal (Related Doc # 107 ) (Williams, Denise) |
| 10/26/2009 | 🔁 142 | Order Granting Motion to Appear Pro Hac Vice - Jennifer M. Selendy (Related Doc # 110 ) (Williams, Denise) |
| 10/26/2009 | 🔁 143 | Order Granting Motion to Appear Pro Hac Vice - William Pratt (Related Doc # 112 ) (Williams, Denise) |
| 10/26/2009 | 🔁 144 | Motion to Appear Pro Hac Vice *of David R. Seligman, P.C.* filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: # 1 Proposed Order) (Rosado, Roxanne) |
| | | Omnibus Reply / *Omnibus Reply to the Objections to the Debtor's Motion to Amend Supplemental Order* (Re: related document(s) 100 Objection to Motion/Application filed by Nanya Technology |

| | | |
|---|---|---|
| 10/26/2009 | 145 | Corporation, 105 Objection to Motion/Application filed by Micron Technology, Inc., 108 Objection to Motion/Application filed by Samsung Electronics Co., Ltd., Infineon Technologies, AG, Elpida Memory, Inc.) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Attachments: # 1 Declaration of Dr. Stefan Blum) (Showalter, Jeffrey) |
| 10/26/2009 | 146 | Certificate of Service (Re: related document(s) 145 Reply filed by Qimonda AG) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |
| 10/26/2009 | 147 | Motion to Appear Pro Hac Vice - *Justin E. Rawlins* filed by John K. Hsu of Winston & Strawn LLP on behalf of Nanya Technology Corporation. (Attachments: # 1 Certificate of Service# 2 Request for Waiver to File By Computer Diskette or Conventionally) (Williams, Denise) (Entered: 10/27/2009) |
| 10/26/2009 | 148 | Motion to Appear Pro Hac Vice - *Rolf S. Woolner* filed by John K. Hsu of Winston & Strawn LLP on behalf of Nanya Technology Corporation. (Attachments: # 1 Certificate of Service# 2 Request for Waiver to File By Computer Diskette or Conventionally) (Williams, Denise) (Entered: 10/27/2009) |
| 10/27/2009 | 149 | Motion to Appear Pro Hac Vice of *Gregory F. Corbett* filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: # 1 Proposed Order) (Rosado, Roxanne) |
| 10/28/2009 | 150 | Order Granting Motion to Appear Pro Hac Vice - Adam P. Strochak (Related Doc # 102 ), Granting Corrected Motion to Appear Pro Hac Vice (Related Doc # 128 ) (Williams, Denise) |
| 10/28/2009 | 151 | Order Granting Motion to Appear Pro Hac Vice - Alfredo R. Perez (Related Doc # 103 ), Granting Corrected Motion to Appear Pro Hac Vice (Related Doc # 129 ) (Williams, Denise) |
| 10/28/2009 | 152 | Order Granting Motion to Appear Pro Hac Vice - Manesh J. Shah (Related Doc # 104 ), Granting Corrected Motion to Appear Pro Hac Vice (Related Doc # 130 ) (Williams, Denise) |
| 10/28/2009 | 153 | Order Granting Motion to Appear Pro Hac Vice - William E. Devitt (Related Doc # 132 ) (Williams, Denise) |
| 10/28/2009 | 154 | Order Granting Motion to Appear Pro Hac Vice - Matthew J. Hertko (Related Doc # 133 ) (Williams, Denise) |

| 10/28/2009 | 155 | Order Granting Motion to Appear Pro Hac Vice - William A. Streff, Jr. (Related Doc # 134 ) (Williams, Denise) |
|---|---|---|
| 10/28/2009 | 156 | Order Granting Motion to Appear Pro Hac Vice - David R. Seligman (Related Doc # 144 ) (Williams, Denise) |
| 10/28/2009 | 157 | Order Granting Motion to Appear Pro Hac Vice - Gregory F. Corbett (Related Doc # 149 ) (Williams, Denise) |
| 10/28/2009 | 158 | BNC certificate of mailing of order (Re: related document(s) 141 Order on Motion to File Document(s) Under Seal) (Admin.) (Entered: 10/29/2009) |
| 10/28/2009 | 159 | BNC certificate of mailing of order (Re: related document(s) 142 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 10/29/2009) |
| 10/28/2009 | 160 | BNC certificate of mailing of order (Re: related document(s) 143 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 10/29/2009) |
| 10/28/2009 | 161 | Hearing held CT: Matter Taken Under Advisement - Proposed Order to be submitted(Re: related document(s) 57 Order on Petition for Recognition of Foreign Proceeding)(Appearances by: William Pratt/Samsung Elec;Stephen Leach/Samsung Elec;Brett Miller/Dbt;Adam Strochak/Micron;Rolf Woolner/Nanya Tech) (Lawson, Tawanna) (Entered: 10/29/2009) |
| 10/30/2009 | 162 | BNC certificate of mailing of order (Re: related document(s) 150 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 10/31/2009) |
| 10/30/2009 | 163 | BNC certificate of mailing of order (Re: related document(s) 151 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 10/31/2009) |
| 10/30/2009 | 164 | BNC certificate of mailing of order (Re: related document(s) 152 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 10/31/2009) |
| 10/30/2009 | 165 | BNC certificate of mailing of order (Re: related document(s) 153 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 10/31/2009) |
| 10/30/2009 | 166 | BNC certificate of mailing of order (Re: related document(s) 154 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 10/31/2009) |

| | | |
|---|---|---|
| 10/30/2009 | ⊙ 167 | BNC certificate of mailing of order (Re: related document(s) 155 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 10/31/2009) |
| 10/30/2009 | ⊙ 168 | BNC certificate of mailing of order (Re: related document(s) 156 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 10/31/2009) |
| 10/30/2009 | ⊙ 169 | BNC certificate of mailing of order (Re: related document(s) 157 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 10/31/2009) |
| 11/12/2009 | ⊙ 170 | Order Granting Motion to Appear Pro Hac Vice - Justin E. Rawlins (Related Doc # 147 ) (Williams, Denise) |
| 11/12/2009 | ⊙ 171 | Order Granting Motion to Appear Pro Hac Vice - Rolf S. Woolner (Related Doc # 148 ) (Williams, Denise) |
| 11/12/2009 | ⊙ 172 | Transcript filed Re: Hearing Held 10/28/2009, regarding Qimonda, AG. Remote electronic access to the transcript is restricted until 02/10/2010. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office] or [Contact the Court Reporter/Transcriber DRS, Inc., Telephone number 202-467-9200.] [Transcript Purchased by Weil, Gotshal & Manges.] (RE: related document(s) 161 Hearing held CT: Matter Taken Under Advisement - Proposed Order to be submitted). Notice of Intent to Request Redaction Deadline Due By 11/19/2009. Redaction Request Due By 12/3/2009. Redacted Transcript Submission Due By 12/14/2009. Transcript access will be restricted through 02/10/2010. (Yenchochic, Michelle) |
| 11/12/2009 | ⊙ 173 | Transcript filed Re: Hearing Held 9/22/2009, regarding Qimonda AG. Remote electronic access to the transcript is restricted until 02/10/2010. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office] or [Contact the Court Reporter/Transcriber DRS, Inc., Telephone number (202) 467-9200.] [Transcript Purchased by Morrison & Foerster.] (RE: related document(s) 85 Hearing held CT: Motion to Quash Deposition Granted - Order to be Submitted). Notice of Intent to Request Redaction Deadline Due By 11/19/2009. Redaction Request Due By 12/3/2009. Redacted Transcript Submission Due By 12/14/2009. Transcript access will be restricted through 02/10/2010. (Yenchochic, Michelle) |
| | | BNC certificate of mailing of order (Re: related document(s) 170 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: |

| 11/14/2009 | �“174 | 11/15/2009) |
|---|---|---|
| 11/14/2009 | �“175 | BNC certificate of mailing of order (Re: related document(s) 171 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 11/15/2009) |
| 11/18/2009 | �“176 | Notice of Filing of Official Transcript. Notice is hereby given that an official transcript has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period. (Re: related document(s) 172 Transcript filed) (Admin.) (Entered: 11/19/2009) |
| 11/18/2009 | �“177 | Notice of Filing of Official Transcript. Notice is hereby given that an official transcript has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period. (Re: related document(s) 173 Transcript filed) (Admin.) (Entered: 11/19/2009) |
| 11/19/2009 | �“178 | Memorandum Opinion (Re: related document(s) 96 Motion to Amend filed by Qimonda AG) (Lewis, Barbara) |
| 11/19/2009 | �“179 | Order Granting the Debtor's Motion to Amend the Supplemental Order (Related Doc # 96 ) (Lewis, Barbara) |
| 11/19/2009 | �“180 | Amended Supplemental Order (Re: related document(s) 57 Order on Petition for Recognition of Foreign Proceeding) (Lewis, Barbara) |
| 11/30/2009 | �“181 | Notice of Appeal (Re: related document(s) 179 Order on Motion to Amend) filed by David Nelson Southard of Weil, Gotshal & Manges, LLP on behalf of Micron Technology, Inc.. Appellant Designation due by 12/10/2009. (Southard, David) |
| 11/30/2009 | �“182 | Notice of Appeal (Re: related document(s) 179 Order on Motion to Amend) filed by Stephen E. Leach of Leach Travell Britt, PC on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. Appellant Designation due by 12/10/2009. (Leach, Stephen) |
| 11/30/2009 | 183 | U.S. Treasury receipt of Notice of Appeal(09-14766-RGM) [appeal,97] ( 255.00) filing fee. Receipt number 9948635, amount $ 255.00. (U.S. Treasury) |
| | | Notice of Appeal (Re: related document(s) 179 Order on Motion to Amend) filed by John Ken Kwong-Ming Hsu of Winston & |

| 11/30/2009 | ⊙ 184 | Strawn LLP on behalf of Nanya Technology Corporation. Appellant Designation due by 12/10/2009. (Hsu, John) |
|---|---|---|
| 11/30/2009 | 185 | U.S. Treasury receipt of Notice of Appeal(09-14766-RGM) [appeal,97] ( 255.00) filing fee. Receipt number 9948688, amount $ 255.00. (U.S. Treasury) |
| 11/30/2009 | 186 | U.S. Treasury receipt of Notice of Appeal(09-14766-RGM) [appeal,97] ( 255.00) filing fee. Receipt number 9948951, amount $ 255.00. (U.S. Treasury) |
| 11/30/2009 | ⊙ 187 | Amended Notice of Appeal (Re: related document(s) 179 Order on Motion to Amend, 180 Amended Order) filed by John Ken Kwong-Ming Hsu of Winston & Strawn LLP on behalf of Nanya Technology Corporation. (Hsu, John) |
| 11/30/2009 | ⊙ 188 | Amended Notice of Appeal (Re: related document(s) 179 Order on Motion to Amend, 180 Amended Order, 182 Notice of Appeal filed by Samsung Electronics Co., Ltd., Infineon Technologies, AG, Elpida Memory, Inc.) filed by Stephen E. Leach of Leach Travell Britt, PC on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Leach, Stephen) |
| 12/01/2009 | ⊙ 189 | Certificate of Service (Re: related document(s) 181 Notice of Appeal filed by Micron Technology, Inc.) filed by David Nelson Southard of Weil, Gotshal & Manges, LLP on behalf of Micron Technology, Inc.. (Southard, David) |
| 12/10/2009 | ⊙ 190 | Appellant Designation *of Issues and Record on Appeal* (Re: related document(s) 181 Notice of Appeal filed by Micron Technology, Inc.) filed by David Nelson Southard of Weil, Gotshal & Manges, LLP on behalf of Micron Technology, Inc.. Appellee Designation due by 12/24/2009. (Attachments: # 1 Exhibit(s) 1)(Southard, David) |
| 12/10/2009 | ⊙ 191 | Appellant Designation *of Record and Statement of Issues on Appeal of Appellants Samsung Electronics Co., Ltd., Elpida Memory, Inc., and Infineon Technologies AG* (Re: related document(s) 182 Notice of Appeal filed by Samsung Electronics Co., Ltd., Infineon Technologies, AG, Elpida Memory, Inc., 188 Amended Notice of Appeal filed by Samsung Electronics Co., Ltd., Infineon Technologies, AG, Elpida Memory, Inc.) filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. Appellee Designation due by 12/24/2009. (Rosado, Roxanne) |

| | | |
|---|---|---|
| 12/10/2009 | 🔘 192 | Appellant Designation *of Statment of Issues and Record on Appeal of Appellant Nanya Technology Corporation* (Re: related document(s) 184 Notice of Appeal filed by Nanya Technology Corporation, 187 Amended Notice of Appeal filed by Nanya Technology Corporation) filed by John Ken Kwong-Ming Hsu of Winston & Strawn LLP on behalf of Nanya Technology Corporation. Appellee Designation due by 12/24/2009. (Hsu, John) |
| 01/08/2010 | 🔘 193 | Transmittal of Record on Appeal to Appellate Court (Re: related document(s) 181 Notice of Appeal filed by Micron Technology, Inc.) (Williams, Denise) (Entered: 01/11/2010) |
| 01/08/2010 | 🔘 194 | Transmittal of Record on Appeal to Appellate Court (Re: related document(s) 182 Notice of Appeal filed by Samsung Electronics Co., Ltd., Infineon Technologies, AG, Elpida Memory, Inc., 188 Amended Notice of Appeal filed by Samsung Electronics Co., Ltd., Infineon Technologies, AG, Elpida Memory, Inc.) (Williams, Denise) (Entered: 01/11/2010) |
| 01/08/2010 | 🔘 195 | Transmittal of Record on Appeal to Appellate Court (Re: related document(s) 184 Notice of Appeal filed by Nanya Technology Corporation, 187 Amended Notice of Appeal filed by Nanya Technology Corporation) (Williams, Denise) (Entered: 01/11/2010) |
| 01/13/2010 | 🔘 196 | Notice of Appearance *and Request for Service of Papers* filed by G. David Dean of Cole, Scholz, Meisel, Forman & Leonard on behalf of Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG. (Dean, G.) |
| 01/13/2010 | 🔘 197 | Motion to Appear Pro Hac Vice - *Ilana Volkov* filed by G. David Dean of Cole, Scholz, Meisel, Forman & Leonard on behalf of Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG. (Attachments: # 1 Exhibit(s) A - Certification of Ilana Volkov# 2 Proposed Order) (Dean, G.) |
| 01/13/2010 | 🔘 198 | Motion to Appear Pro Hac Vice - *Warren A. Usatine* filed by G. David Dean of Cole, Scholz, Meisel, Forman & Leonard on behalf of Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG. (Attachments: # 1 Exhibit(s) A - Certification of Warren Usatine# 2 Proposed Order) (Dean, G.) |
| 01/13/2010 | 🔘 199 | Notification of Civil Action Number 1:10CV26. (Re: related document(s) 193 Transmittal of Record on Appeal to Appellate Court) (Williams, Denise) |
| | | Notification of Civil Action Number 1:10CV27. (Re: related |

| 01/13/2010 | ⊘ 200 | document(s) 194 Transmittal of Record on Appeal to Appellate Court) (Williams, Denise) |
|---|---|---|
| 01/13/2010 | ⊘ 201 | Notification of Civil Action Number 1:10CV28. (Re: related document(s) 195 Transmittal of Record on Appeal to Appellate Court) (Williams, Denise) |
| 01/13/2010 | ⊘ 202 | Motion to Sell / *Motion Pursuant to Sections 105, 363 and 1520 of the Bankruptcy Code to Establish Procedures for the Sale of Certain Patents* filed by G. David Dean of Cole, Scholz, Meisel, Forman & Leonard on behalf of Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG. (Attachments: # 1 Service List# 2 Exhibit(s) A to Motion# 3 Exhibit(s) B to Motion# 4 Proposed Order) (Dean, G.) |
| 01/13/2010 | ⊘ 203 | Notice of Motion and Notice of Hearing (Re: related document(s) 202 Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by G. David Dean of Cole, Scholz, Meisel, Forman & Leonard on behalf of Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG. Hearing scheduled 2/9/2010 at 11:00 AM at Judge Mayer's Courtroom, 200 South Washington Street, 3rd Floor, Courtroom III, Alexandria, VA. (Attachments: # 1 Service List) (Dean, G.) |
| 01/13/2010 | ⊘ 204 | Notice of Deficient Filing Issued to G. David Dean, Esquire regarding Motion to Appear Pro Hac Vice; a written application for pro hac vice admission must be appended to the motion filed by a member of the Bar of this Court. [See LBR 2090-1(E)(2)(a)] (Re: related document(s) 197 Motion to Appear Pro Hac Vice filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) Document(s) due by 1/27/2010. (Williams, Denise) |
| 01/13/2010 | ⊘ 205 | Notice of Deficient Filing Issued to G. David Dean, Esquire regarding Motion to Appear Pro Hac Vice; a written application for pro hac vice admission must be appended to the motion filed by a member of the Bar of this Court. [See LBR 2090-1(E)(2)(a)] (Re: related document(s) 198 Motion to Appear Pro Hac Vice filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) Document(s) due by 1/27/2010. (Williams, Denise) |
| | | Amended Motion to Appear Pro Hac Vice - *Ilana Volkov* (Related Document(s) 197 Motion to Appear Pro Hac Vice filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by G. David Dean of Cole, Scholz, Meisel, Forman & Leonard on behalf of Dr. Michael Jaffe, Insolvency |

| 01/14/2010 | �e206 | Administrator over the estate of Qimonda AG. (Attachments: # 1 Application# 2 Proposed Order) (Dean, G.) |
|---|---|---|
| 01/14/2010 | �e207 | Amended Motion to Appear Pro Hac Vice - *Warren A. Usatine* (Related Document(s) 198 Motion to Appear Pro Hac Vice filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by G. David Dean of Cole, Scholz, Meisel, Forman & Leonard on behalf of Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG. (Attachments: # 1 Application# 2 Proposed Order) (Dean, G.) |
| 01/15/2010 | �e208 | Order Granting Motion to Appear Pro Hac Vice (Ilana Volkov) (Related Doc # 206 ) (Williams, Denise) |
| 01/15/2010 | �e209 | Order Granting Motion to Appear Pro Hac Vice (Warren A. Usatine) (Related Doc # 207 ) (Williams, Denise) |
| 01/22/2010 | �e210 | Affidavit *of Publication* (Re: related document(s) 202 Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by G. David Dean of Cole, Scholz, Meisel, Forman & Leonard on behalf of Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG. (Dean, G.) |
| 02/02/2010 | �e211 | Limited Objection to *Motion to Establish Procedures for the Sale of Certain Patents* (Re: related document(s) 202 motion Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by David Nelson Southard of Weil, Gotshal & Manges, LLP on behalf of Micron Technology, Inc.. (Southard, David) |
| 02/02/2010 | �e212 | Motion to Appear Pro Hac Vice *of Laura B. Kadetsky* filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Samsung Electronics Co., Ltd.. (Attachments: # 1 Proposed Order) (Rosado, Roxanne) |
| 02/02/2010 | �e213 | Notice of Appearance *and Demand for Notices and Papers* filed by Augustus C. Epps Jr. of Christian & Barton, L.L.P. on behalf of IBM Corporation. (Epps, Augustus) |
| 02/02/2010 | �e214 | Limited Objection *of IBM Corporation to Insolvency Administrator's Motion to Establish Procedures for the Sale of Certain Patents* (Re: related document(s) 202 Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by Augustus C. Epps Jr. of Christian & Barton, L.L.P. on behalf of IBM Corporation. (Epps, Augustus) |
|  |  |  |

| | | |
|---|---|---|
| 02/02/2010 | ●215 | Objection *Objection of Nanya Technology Corporation to Insolvency Administrators Motion Pursuant to Sections 105, 363 and 1520 of the Bankruptcy Code to Establish Procedures for the Sale of Certain Patents* (Re: related document(s) 202 Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by John Ken Kwong-Ming Hsu of Winston & Strawn LLP on behalf of Nanya Technology Corporation. (Hsu, John) |
| 02/02/2010 | ●216 | Limited Objection to *Motion to Establish Procedures for the Sale of Certain Patents* (Re: related document(s) 202 motion Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by Stephen E. Leach of Leach Travell Britt, PC on behalf of Elpida Memory, Inc., Infineon Technologies, AG, Samsung Electronics Co., Ltd.. (Attachments: # 1 Exhibit A - Proposed Alternate Form of Order) (Leach, Stephen) |
| 02/02/2010 | ●217 | Notice of Appearance filed by Lawrence Allen Katz of Venable LLP on behalf of Hynix Semiconductor, Inc.. (Katz, Lawrence) |
| 02/02/2010 | ●218 | Objection to *Motion to Establish Procedures to Sell Certain Patents* (Re: related document(s) 202 motion Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by Charles Thomas Hicks III of DiMuroGinsberg, P.C. on behalf of ProMOS Technologies, Inc.. (Attachments: # 1 Proposed Order) (Hicks, Charles) |
| 02/02/2010 | ●219 | Limited Objection to *Insolvency Administrator's Motion Pursuant to Sections 105, 363, and 1520 of the Bankruptcy Code to Establish Procedures for the Sale of Certain Patents* (Re: related document(s) 202 motion Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by Kristen E. Burgers of Venable LLP on behalf of Hynix Semiconductor, Inc.. (Burgers, Kristen) |
| 02/03/2010 | ●220 | Notice of Appearance filed by Charles Thomas Hicks III of DiMuroGinsberg, P.C. on behalf of ProMOS Technologies, Inc.. (Hicks, Charles) |
| 02/03/2010 | ●221 | Disclosure of the Honorable Robert G. Mayer (Lewis, Barbara) |
| 02/04/2010 | ●222 | Motion to Appear Pro Hac Vice *of David L. Eades* filed by Jennifer McLain McLemore of Christian & Barton, LLP on behalf of IBM Corporation. (McLemore, Jennifer) |
| | | Notice of Deficient Filing Issued to Roxanne Rosado, Esquire regarding Motion to Appear Pro Hac Vice; A written application |

| | | |
|---|---|---|
| 02/05/2010 | ⊙223 | for pro hac vice admission must be appended to the motion filed by a member of the Bar of this Court. [See LBR 2090-1(E)(2)(a)] (Re: related document(s) 212 Motion to Appear Pro Hac Vice filed by Samsung Electronics Co., Ltd.) Document(s) due by 2/19/2010. (Williams, Denise) |
| 02/09/2010 | ⊙232 | Hearing rescheduled (Re: related document(s) 202 Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) Hearing scheduled 2/23/2010 at 11:00 AM at Judge Mitchell's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Williams, Regina) (Entered: 02/16/2010) |
| 02/10/2010 | ⊙224 | Objection to *Motion To Sell Patents* (Re: related document(s) 202 motion Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by Charles Thomas Hicks III of DiMuroGinsberg, P.C. on behalf of ProMOS Technologies, Inc.. (Attachments: # 1 Exhibit(s) Exhibit A# 2 Exhibit(s) Exhibit B) (Hicks, Charles) |
| 02/12/2010 | ⊙225 | Order Granting Motion to Appear Pro Hac Vice - David L. Eades (Related Doc # 222 ) (Williams, Denise) |
| 02/12/2010 | ⊙226 | Amended Objection to *Motion to Establish Procedures to Sell Patents* (Re: related document(s) 202 motion Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by Charles Thomas Hicks III of DiMuroGinsberg, P.C. on behalf of ProMOS Technologies, Inc.. (Attachments: # 1 Exhibit(s) Cover Page# 2 Exhibit(s) Verified Declaration of Jong Wang# 3 Exhibit(s) Exbitit B Cover Sheet# 4 Exhibit(s) Verified Declaration of Doris Wang# 5 Exhibit(s) Exhibit C Cover Sheet# 6 Exhibit(s) ProMOS U.S.Patent 6,130,163# 7 Exhibit(s) ProMOS U.S. Patent 6,166,898) (Hicks, Charles) |
| 02/12/2010 | ⊙227 | Order of Recusal and Reassignment and Rescheduling Hearing (Re: related document(s) 202 Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) Hearing scheduled 2/23/2010 at 11:00 AM at Judge Mitchell's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Lewis, Barbara) |
| 02/14/2010 | ⊙228 | BNC certificate of mailing of order (Re: related document(s) 225 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 02/15/2010) |
| | | Declaration (Re: related document(s) 226 Objection to Motion/Application filed by ProMOS Technologies, Inc.) filed by |

| 02/15/2010 | ⦿ 229 | Charles Thomas Hicks III of DiMuroGinsberg, P.C. on behalf of ProMOS Technologies, Inc.. (Attachments: # 1 Exhibit(s) Declaration of Sam Yang, Exhibit C to Limited Objection# 2 Exhibit(s) Exhibit D cover sheet)(Hicks, Charles) |
|---|---|---|
| 02/16/2010 | ⦿ 230 | Notice of Deficient Filing Issued to Charles Hicks, Esquire regarding Objection; Document does not match the event entry used for docketing. Please review this filing and redocket using the correct event entry (Motion to Continue/Motion to Extend Time) or redocket to attach the correct document. (Re: related document(s) 218 Objection to Motion/Application filed by ProMOS Technologies, Inc.) Document(s) due by 3/2/2010. (Williams, Denise) |
| 02/16/2010 | ⦿ 231 | Notice of Deficient Filing Issued to Kristen Burgers, Esquire regarding Limited Objection; The ECF registered participant attorney filing the document does not match the attorney's signature on the document. (Re: related document(s) 219 Objection to Motion/Application filed by Hynix Semiconductor, Inc.) Document(s) due by 3/2/2010. (Williams, Denise) |
| 02/16/2010 | ⦿ 233 | Memorandum Opinion (Re: related document(s) 9 Motion to Approve filed by Qimonda AG) (Lewis, Barbara) |
| 02/16/2010 | ⦿ 234 | Order, Automatic Stay is in Full Force and Effect (Re: related document(s) 233 Memorandum Opinion) (Lewis, Barbara) |
| 02/19/2010 | ⦿ 235 | Amended Motion to Appear Pro Hac Vice *of Laura B. Kadetsky* (Related Document(s) 212 Motion to Appear Pro Hac Vice filed by Samsung Electronics Co., Ltd.) filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Samsung Electronics Co., Ltd.. (Attachments: # 1 Written Application to Appear Pro Hac Vice # 2 Proposed Order) (Rosado, Roxanne) |
| 02/22/2010 | ⦿ 236 | Order Granting Amended Motion to Appear Pro Hac Vice - Laura B. Kadetsky (Related Doc # 235 ) (Related Doc # 212 ), (Williams, Denise) |
| 02/23/2010 | ⦿ 237 | Hearing continued (Re: related document(s) 202 Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) Hearing scheduled 3/9/2010 at 09:30 AM at Judge Mitchell's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Cassidy-Miller, Terry) |
| 02/24/2010 | ⦿ 238 | BNC certificate of mailing of order (Re: related document(s) 236 Order on Motion to Appear Pro Hac Vice) (Admin.) (Entered: 02/25/2010) |

Eastern District of Virginia - LIVE    Page 33 of 34

| | | |
|---|---|---|
| 02/25/2010 | 239 | Certificate of Service of Discovery Documents filed by Roxanne Feliu Rosado of Leach Travell Britt pc on behalf of Elpida Memory, Inc., Samsung Electronics Co., Ltd.. (Rosado, Roxanne) |
| 02/26/2010 | 240 | Motion to Shorten Time *for Responses to Discovery Requests Propounded to the Foreign Representative* (Related Document(s) 202 Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by Stephen E. Leach of Leach Travell Britt, PC on behalf of Elpida Memory, Inc., Samsung Electronics Co., Ltd.. (Attachments: # 1 Proposed Order) (Leach, Stephen) |
| 02/26/2010 | 241 | Motion to Expedite Hearing *on Motion to Shorten Time for Responses to Discovery Requests Propounded to the Foreign Representative* (Related Document(s) 240 Motion to Shorten Time filed by Samsung Electronics Co., Ltd., Elpida Memory, Inc.) filed by Stephen E. Leach of Leach Travell Britt, PC on behalf of Elpida Memory, Inc., Samsung Electronics Co., Ltd.. (Attachments: # 1 Proposed Order # 2 Exhibit "B" - Local Rule 9013-1(N) Certification) (Leach, Stephen) |
| 02/26/2010 | 242 | Order Granting Motion to Expedite Hearing (Related Doc # 241 ) Hearing scheduled 3/1/2010 at 01:30 PM at Judge Mitchell's Courtroom, 200 South Washington Street, 2nd Floor, Courtroom I, Alexandria, VA. (Shannon, Pixie) |
| 02/26/2010 | 243 | Notice of Appeal (Re: related document(s) 233 Memorandum Opinion, 234 Order Directing) filed by Robert K. Coulter of Office of the US Attorney on behalf of International Trade Commission. Appellant Designation due by 3/12/2010. (Coulter, Robert) |
| 02/27/2010 | 244 | Supplemental Exhibit *to Motion to Shorten Time for Responses to Discovery Requests* (Re: related document(s) 240 Motion to Shorten Time filed by Samsung Electronics Co., Ltd., Elpida Memory, Inc.) filed by Stephen E. Leach of Leach Travell Britt, PC on behalf of Elpida Memory, Inc., Samsung Electronics Co., Ltd.. (Attachments: # 1 Exhibit B-1 (Interrogatories)# 2 Exhibit B-2 (Requests for Production of Documents# 3 Exhibit B-3 (Rule 30(b)(6) Notice of Deposition))(Leach, Stephen) |
| 03/01/2010 | 245 | Objection to *Licensees' Motion to Shorten Response Time Regarding Licensees' Discovery Requests* (Re: related document(s) 240 motion Motion to Shorten Time filed by Samsung Electronics Co., Ltd., Elpida Memory, Inc.) filed by G. David Dean of Cole, Scholz, Meisel, Forman & Leonard on behalf of Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG. (Dean, G.) |

| 03/01/2010 | ⊙246 | Notice of Deficient Filing Issued to Robert Coulter, Esquire regarding Notice of Appeal; Signature Required - Signature not indicated with the attorney's name typed in full on the signature line. (Re: related document(s) 243 Notice of Appeal filed by International Trade Commission) Document(s) due by 3/15/2010. (Williams, Denise) |
|---|---|---|
| 03/01/2010 | 247 | Payment Resolved for Notice of Appeal(09-14766-RGM) [appeal,97] Exempted, amount $ 255.00. (Swinton) |
| 03/01/2010 | ⊙248 | Hearing held CT: Denied - Chambers to prepare order(Re: related document(s) 240 Motion to Shorten Time filed by Samsung Electronics Co., Ltd., Elpida Memory, Inc., 241 Motion to Expedite Hearing filed by Samsung Electronics Co., Ltd., Elpida Memory, Inc.)(Appearances by: David Dean/Administrator;Stephen Leach/Samsung;David Eades/IBM-Telephonic;Justin Rawlins/Nanya Tech-Telephonic;Laura Kadetsky/Samsung-Telephonic;Matt Hertko/Samsung-Telephonic) (Lawson, Tawanna) |
| 03/02/2010 | ⊙249 | Amended Notice of Appeal (Re: related document(s) 243 Notice of Appeal filed by International Trade Commission) filed by Robert K. Coulter of Office of the US Attorney on behalf of United States of America. (Coulter, Robert) |
| 03/03/2010 | ⊙250 | BNC certificate of mailing of order (Re: related document(s) 242 Order on Motion to Expedite Hearing) (Admin.) (Entered: 03/04/2010) |
| 03/04/2010 | ⊙251 | Amended Objection (Re: related document(s) 219 Objection to Motion/Application filed by Hynix Semiconductor, Inc.) filed by Lawrence Allen Katz of Venable LLP on behalf of Hynix Semiconductor, Inc.. (Katz, Lawrence) |
| 03/04/2010 | ⊙252 | Omnibus Reply *in Further Support of Insolvency Administrator's Motion Pursuant to Sections 105, 363 and 1520 of the Bankruptcy Code to Establish Procedures for the Sale of Certain Patents* (Re: related document(s) 202 Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) filed by G. David Dean of Cole, Scholz, Meisel, Forman & Leonard on behalf of Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG. (Attachments: # 1 Exhibit A# 2 Exhibit B) (Dean, G.) |
| | | Hearing held; Court approved procedures with changes; Order to be submitted (Re: related document(s) 202 Motion to Sell filed by Dr. Michael Jaffe, Insolvency Administrator over the estate of Qimonda AG) (Appearances: Ilana Volkon & David |

| | | |
|---|---|---|
| 03/09/2010 | ◎253 | Dean/Insolvency Administrators; David Seligman, Jennifer Selendy & Stephen Leach/Samsung & Elpida; Lawrence Katz/Hynix; Justin Rawlins & John Hsu/Nanya; Tom Hicks/ProMOS; Manesh Shah & David Southard/Micron; Bryan Stark/Qimonda (Richmond); Augustus Epps, Jr.; IBM) (Cassidy-Miller, Terry) |
| 03/11/2010 | ◎254 | Order Granting Motion to Establish Procedures for the Sale of Certain Patents (Related Doc # 202 ) (Williams, Denise) |
| 03/11/2010 | ◎255 | Appellant Designation *of Record and Issues on Appeal* (Re: related document(s) 249 Amended Notice of Appeal filed by United States of America) filed by Robert K. Coulter of Office of the US Attorney on behalf of International Trade Commission. Appellee Designation due by 3/29/2010. (Coulter, Robert) |
| 03/13/2010 | ◎256 | BNC certificate of mailing of order (Re: related document(s) 254 Order on Motion to Sell) (Admin.) (Entered: 03/14/2010) |
| 03/25/2010 | ◎257 | Appellee Designation / *Appellees Designation of Additonal Items for Record On Appeal* (Re: related document(s) 255 Appellant Designation filed by International Trade Commission) filed by Jeffrey Anderson Showalter of Morrison & Foerster LLP on behalf of Qimonda AG. (Showalter, Jeffrey) |

A TRUE COPY TESTE:
WILLIAM C. REDDEN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 09-14766-RGM |
| QIMONDA AG, | ) |
| | ) CHAPTER 15 |
| Debtor. | ) |

## NOTICE OF APPEAL

The United States International Trade Commission (hereinafter referred to as the "ITC")

appeals under 28 U.S.C. § 158(a) from the Memorandum Opinion and Order entered on or about

February 16, 2010, determining the applicability of the automatic stay in the above-captioned

proceeding on a proceeding known as *In the Matter of Certain Semiconductor Integrated*

*Circuits Using Tungsten Metallization, Inv. No. 337-TA-648* pending before the ITC, as well as

other potential actions involving the Debtor before the ITC.

The names of all parties to the order appealed from and the names, addresses, and

telephone numbers of their respective attorneys are as follows:

**Administrator of the Qimonda AG Estate, Dr. Michael Jaffe:**

Jeffrey A. Showalter
Morrison & Foerster, LLP
1650 Tysons Boulevard, Suite 400
McLean, VA 22102
Tel: (703) 760-7700

**United States Trustee:**

United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314
Tel: (703) 557-7176

Robert K. Coulter
Assistant United States Attorney
VSB: 42512
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3745
Fax: (703) 299-2584

United States International Trade Commission

Robert K. Coulter
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3745
Fax: (703) 299-2584


James M. Lyons
Andrea C. Casson
Paul M. Bartkowski
Office of the General Counsel
United States International Trade Commission
500 E. Street, S.W. Washington, D.C. 20436
Telephone: (202) 708-5432

<div style="margin-left:40%">

Respectfully submitted,

Neil H. MacBride
United States Attorney

</div>

By:   /s/_____
      Robert Coulter
      Assistant U.S. Attorney
      VSB: 42512
      The Justin W. Williams U.S. Attorney's Building
      2100 Jamieson Avenue
      Alexandria, Virginia 22314
      Tel: 703-299-3745
      Fax: 703-299-3983

## CERTIFICATE OF SERVICE

I hereby certify a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Parties currently listed by the CM/ECF system to receive electronic notice in this case are set forth below.

Kristen E. Burgers    keburgers@venable.com

Robert H. Chappell    rchappell@spottsfain.com, kligon@spottsfain.com;eanderson@spottsfain.com;jwest@spottsfain.com;ecorbett @spottsfain.com;tmoore@spottsfain.com;nmccullagh@spottsfain.com;jstern@spo ttsfain.com

Robert K. Coulter    robert.coulter@usdoj.gov, sharon.abbott@usdoj.gov;USAVAE.ALX.ECF.BANK@usdoj.gov

G. David Dean    ddean@coleschotz.com, jdonaghy@coleschotz.com;ddean@coleschotz.com

Augustus C. Epps    aepps@cblaw.com, lthompson@cblaw.com

William A. Gray    bgray@sandsanderson.com, tebel@sandsanderson.com;kwalters@sandsanderson.com

Dion W. Hayes    dhayes@mcguirewoods.com

Charles Thomas Hicks    thicks@dimuro.com, tom@tomhicksbac.com

John Ken Kwong-Ming Hsu    jhsu@winston.com, rwoolner@winston.com;jrawlins@winston.com;smcdonald@winston.com;dcaland ra@winston.com;mpalay@winston.com

Lawrence Allen Katz    lakatz@venable.com

Erin Elizabeth Kessel    ekessel@spottsfain.com, kligon@spottsfain.com;jwest@spottsfain.com;rchappell@spottsfain.com;tmoore@ spottsfain.com;eanderson@spottsfain.com

Stephen E. Leach    sleach@ltblaw.com, ndysart@ltblaw.com;msarata@ltblaw.com;rrosado@ltblaw.com

Jennifer McLain McLemore    jmclemore@cblaw.com, avaughn@cblaw.com

Roxanne Feliu Rosado    rrosado@ltblaw.com

Jeffrey Anderson Showalter    jshowalter@mofo.com, tgoren@mofo.com;bmiller@mofo.com;dkeeton@mofo.com

David Nelson Southard    david.southard@weil.com

Date:  February 26, 2009

/s/
ROBERT K. COULTER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 09-14766-RGM |
| QIMONDA AG, | ) |
| | ) CHAPTER 15 |
| Debtor. | ) |

## NOTICE OF APPEAL

The United States International Trade Commission (hereinafter referred to as the "ITC")

appeals under 28 U.S.C. § 158(a) from the Memorandum Opinion and Order entered on or about

February 16, 2010, determining the applicability of the automatic stay in the above-captioned

proceeding on a proceeding known as *In the Matter of Certain Semiconductor Integrated*

*Circuits Using Tungsten Metallization, Inv. No. 337-TA-648* pending before the ITC, as well as

other potential actions involving the Debtor before the ITC.

The names of all parties to the order appealed from and the names, addresses, and

telephone numbers of their respective attorneys are as follows:

**Administrator of the Qimonda AG Estate, Dr. Michael Jaffe:**

Jeffrey A. Showalter
Morrison & Foerster, LLP
1650 Tysons Boulevard, Suite 400
McLean, VA 22102
Tel: (703) 760-7700

**United States Trustee:**

United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314
Tel: (703) 557-7176

Robert K. Coulter
Assistant United States Attorney
VSB: 42512
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3745
Fax: (703) 299-2584

**United States International Trade Commission**

Robert K. Coulter
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3745
Fax: (703) 299-2584


James M. Lyons
Andrea C. Casson
Paul M. Bartkowski
Office of the General Counsel
United States International Trade Commission
500 E. Street, S.W. Washington, D.C. 20436
Telephone: (202) 708-5432

Respectfully submitted,

Neil H. MacBride
United States Attorney


By:   /s/ Robert K. Coulter
Robert K. Coulter
Assistant U.S. Attorney
VSB: 42512
The Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3745
Fax: 703-299-3983

## CERTIFICATE OF SERVICE

I hereby certify a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Parties currently listed by the CM/ECF system to receive electronic notice in this case are set forth below.

Kristen E. Burgers    keburgers@venable.com

Robert H. Chappell    rchappell@spottsfain.com,
kligon@spottsfain.com;eanderson@spottsfain.com;jwest@spottsfain.com;ecorbett
@spottsfain.com;tmoore@spottsfain.com;nmccullagh@spottsfain.com;jstern@spo
ttsfain.com

Robert K. Coulter    robert.coulter@usdoj.gov,
sharon.abbott@usdoj.gov;USAVAE.ALX.ECF.BANK@usdoj.gov

G. David Dean    ddean@coleschotz.com,
jdonaghy@coleschotz.com;ddean@coleschotz.com

Augustus C. Epps    aepps@cblaw.com, lthompson@cblaw.com

William A. Gray    bgray@sandsanderson.com,
tebel@sandsanderson.com;kwalters@sandsanderson.com

Dion W. Hayes    dhayes@mcguirewoods.com

Charles Thomas Hicks    thicks@dimuro.com, tom@tomhicksbac.com

John Ken Kwong-Ming Hsu    jhsu@winston.com,
rwoolner@winston.com;jrawlins@winston.com;smcdonald@winston.com;dcaland
ra@winston.com;mpalay@winston.com

Lawrence Allen Katz    lakatz@venable.com

Erin Elizabeth Kessel    ekessel@spottsfain.com,
kligon@spottsfain.com;jwest@spottsfain.com;rchappell@spottsfain.com;tmoore@
spottsfain.com;eanderson@spottsfain.com

Stephen E. Leach    sleach@ltblaw.com,
ndysart@ltblaw.com;msarata@ltblaw.com;rrosado@ltblaw.com

Jennifer McLain McLemore    jmclemore@cblaw.com, avaughn@cblaw.com

Roxanne Feliu Rosado    rrosado@ltblaw.com

Jeffrey Anderson Showalter    jshowalter@mofo.com,
tgoren@mofo.com;bmiller@mofo.com;dkeeton@mofo.com

David Nelson Southard    david.southard@weil.com

Date:  March 2, 2010

/s/ Robert K. Coulter
ROBERT K. COULTER

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

QIMONDA AG,

        Debtor.

Case No. 09-14766-RGM
(Chapter 15)

### ORDER

This case is before the court for a determination of the applicability of the automatic stay on a proceeding known as *In the Matter of Certain Semiconductor Integrated Circuits Using Tungsten Metallization, Inv. No. 337-TA-648* pending before the International Trade Commission. For the reasons stated in the accompanying Memorandum Opinion, it is

ORDERED that the automatic stay imposed by 11 U.S.C. §362(a) is in full force and effect as to Qimonda AG in that certain proceeding known as *In the Matter of Certain Semiconductor Integrated Circuits Using Tungsten Metallization, Inv. No. 337-TA-648* now pending before the International Trade Commission. The exception contained in 11 U.S.C. §362(b)(4) is not applicable.

Alexandria, Virginia
February 16, 2010

/s/Robert G. Mayer

Robert G. Mayer
United States Bankruptcy Judge

copies to:

Robert K. Coulter
Jeffrey Anderson Showalter
Robert H. Chappell, III

15783

1

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

In re:

QIMONDA AG,

      Debtor.

Case No. 09-14766-RGM
(Chapter 15)

## MEMORANDUM OPINION

The question presented is whether the automatic stay is applicable to an action pending before the International Trade Commission. The ITC argues that the action is an enforcement of its police or regulatory power and is excluded from the automatic stay.[1]  11 U.S.C. §362(b)(4).

## Prior Bankruptcy Proceedings

Qimonda AG filed an application with the Amtsgericht-Insolvenzgericht München ("the Munich Local Court") to open insolvency proceedings under the German insolvency law.   The Munich Local Court appointed Dr. Michael Jaffé as the preliminary insolvency administrator. After receiving his report, the court opened the insolvency proceeding and appointed him the insolvency administrator.

Dr. Jaffé, as Qimonda's foreign administrator, filed a request for recognition of a foreign main proceeding under 11 U.S.C. §1515 and a motion for provisional injunctive relief pending recognition of the foreign main proceeding. He sought preliminary application of §362(a) to stay the ITC proceeding as to Qimonda.   This court granted the provisional relief requested.  *In re*

---

[1] Section 362(b)(4) excludes only acts under subsection 1, 2, 3 and 6 of §362(a). Acts by governmental units covered under subsections 4, 5, 7 and 8 are stayed.

1

*Qimonda AG*, 2009 WL 2210771 (Bankr.E.D.Va. 2009). The court later entered a recognition order

recognizing the German insolvency proceeding as a foreign main proceeding 11 U.S.C. §1517. The

automatic stay arises upon entry of a recognition order. 11 U.S.C. §1520. LSI and the ITC argued

at the recognition hearing that the automatic stay did not apply to the ITC proceeding because the

proceeding was an enforcement proceeding under the ITC's police and regulatory powers. This

Memorandum Opinion addresses that question.


## Proceedings Pending before the ITC

LSI Corporation and Agere Systems, Inc., initiated an action against twenty respondents,

including Qimonda, before the ITC under §337 of the Tariff Act of 1930, 19 U.S.C. §1337, *et seq.*

They alleged that the respondents were infringing their patents and sought an order prohibiting any

infringing devices from being imported into the Untied States. *In the Matter of Certain*

*Semiconductor Integrated Circuits Using Tungsten Metallization, Inv. No. 337-TA-648.* Several

respondents settled with LSI and Agere and were dismissed as parties to the action. The ITC

reviewed and approved the settlements. In addition to the parties, the Office of Unfair Import

Investigations, which is separate from the Commission itself, also participated in the case. It filed

pleadings and argued motions, but the laboring oar was, and continues to be, pulled by the parties

themselves. The action was pending before an administrative law judge when the recognition order

was entered and the automatic stay became effective. The matter had been fully briefed and was

ready for trial before the administrative law judge.

2

### Discussion

Section 362(b)(4) states:

> (b)    The filing of a petition under section 301, 302, or 303 of this title . . . does not operate as a stay – . . .
>
> (4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

11 U.S.C. §362(b)(4).

Section 362(b)(4) requires three elements: (1) a governmental unit (2) that is commencing or continuing an action or proceeding (3) to enforce that governmental unit's police or regulatory power. Two questions are presented: Is the action pending before the ITC the continuation of an action *by* the ITC? Is the action an enforcement of the ITC's police and regulatory power?

### Continuation of Action by Governmental Unit

The governmental unit must be the moving party, the party enforcing its police and regulatory power. The statutory language is clear: There must be a commencement or continuation of an action *"by* a governmental unit" and the police and regulatory power sought to be enforced must be *"such* governmental unit's" police and regulatory power. 11 U.S.C. §362(b)(4) (emphasis added). The plain meaning of the provision is that a governmental unit must bring the action, not a private party. *See* Collier on Bankruptcy §362.05 (15th ed. Rev., 2010).

Actions brought by private entities are not within the exception of §362(b)(4). In *Hudson River Sloop Clearwater, Inc. v. Revere Copper and Brass, Inc., (In re Revere Copper and Brass,*

3

*Inc.),* 32 B.R. 725 (S.D.N.Y.1983), Hudson River Sloop Clearwater, Inc., and National Resources

Defense Council, Inc., two private, non-governmental entities, filed a suit against Revere Copper

and Brass, Inc., which had filed a chapter 11 petition in bankruptcy almost a month before the suit

was filed. *Id.* at 726. The debtor successfully sought to enjoin the suit and hold the plaintiffs in

contempt for violating the automatic stay. On appeal to the District Court, the plaintiffs argued that

"they should be given the status of a governmental unit" and that because they were "in the position

of private attorney generals seeking to enforce the environmental laws they should be given the same

status as governmental units with respect to" the debtor, that is, that the exception under §362(b)(4)

should apply to them as well. *Id.* at 727. The District Court disagreed and affirmed the Bankruptcy

Court. It stated:

> Not only is this provision explicitly limited to true governmental entities, but
> the legislative history of this definitional section provides:
>
> > Entities that operate through state action such as through the grant of
> > a charter or license, and have no further connection with the state or
> > federal government are not within the contemplation of the definition.
>
> H.R.Rep. No. 595, 95th Cong., 1st Sess. 311 (1977); S.Rep. No. 989, 95th Cong., 2d
> Sess. 24 (1978), U.S.Code Cong. & Admin.News, pp. 5787, 5810, 6268.
>
> Clearly, both the statutory language and the legislative history demonstrate
> that the term "governmental unit" in the bankruptcy code refers exclusively to actual
> governmental groups and not to organizations acting in a governmental capacity.
> The exception to the automatic stay for governmental units was intended to allow
> state, federal or foreign entities to continue to proceed or to commence actions
> against debtors.

*Id.* at 727. *See also United States v. Environmental Waste Control, Inc.,* 131 B.R. 410, 422

(N.D.Ind.1991) (§362(b)(4) is confined to governmental authorities seeking to enforce regulations).

The ITC argues that it is the moving party and that LSI and Agere are simply complaining

parties. This argument requires an examination of the roles of the ITC on the one hand and LSI and

4

Agere on the other. LSI and Agere initiated the proceeding. The proceeding is pending before an administrative law judge, not the Commission itself.

LSI and Agere have controlled the litigation from the beginning. The ITC does not control the litigation before the administrative law judge. LSI and Agere negotiated settlements with various respondents who have been dismissed from the case. The ITC did not participate in the negotiation of the settlements. The administrative law judge hearing the matter did not participate in the negotiations of the settlements. There is no indication that the staff attorneys from the Office of Unfair Import Investigations had any significant participation either. It is true that the ITC approved the settlements, but this is little different from a bankruptcy court approving settlements or any other court granting motions to dismiss a party from the case.

The participation of the Office of Unfair Import Investigations is not control over the proceedings. There are three parties or groups of parties: the complainant who is asserting the validity of a patent; the respondent who is alleged to have infringed the patent; and a staff investigative attorney from the Office of Unfair Import Investigations. The staff attorney participates in the proceeding by filing pleadings and arguing matters before the administrative law judge, but he does not control or direct either the complainant's actions or the respondent's actions.

The closest that the ITC comes to controlling the litigation is the standing rules of procedure it promulgated. They are similar to the Federal Rules of Civil Procedure. *See* Rules of Practice and Procedure, 19 C.F.R. parts 201 and 210. They are applicable to all such actions and are intended to be fair and evenhanded to all the participants. They assist in the orderly disposition of matters before the administrative law judges. They do not influence the substantive rights of the parties and are not control over the litigation.

5

The reality is that the ITC and its administrative law judges are the forum before whom the action was brought by LSI and Agere and who are seeking the protection of their property rights. The proceeding is adversarial and subject to the adjudicative provisions of the Administrative Procedure Act, 5 U.S.C. §§551, *et seq.* The administrative law judge makes an initial determination which contains findings of fact and conclusions of law with respect to the issues in controversy. In this action, those issues include the validity of the patents, the scope of the patents, the infringement of the patents, and the scope of any licenses previously granted. Any party may petition the ITC to review the initial determination and to modify or reverse it. The ITC may also review the initial determination on its own motion. Rather than being the governmental unit that is enforcing the patents, the ITC is the forum before which private litigants are enforcing their patents. The action is not being prosecuted *by* the ITC, but *before* the ITC. LSI and Agere are prosecuting it. The exception of 11 U.S.C. §362(b)(4) is not applicable.

## Police or Regulatory Power

The Court of Appeals for the Fourth Circuit set out the test for determining whether a particular action by a governmental unit is an exercise of its police or regulatory power. It stated:

> The difficulty in applying this exception comes in distinguishing between situations in which the state acts pursuant to its "police and regulatory power" and situations in which the state acts merely to protect its status as a creditor. To make this distinction, we look to the purpose of the law that the state is attempting to enforce. If the purpose of the law is to promote "public safety and welfare," *Universal Life Church, Inc. v. United States (In re Universal Life Church, Inc.),* 128 F.3d 1294, 1297 (9th Cir.1997), or to "effectuate public policy," *NLRB v. Edward Cooper Painting, Inc.,* 804 F.2d 934, 942(6th Cir.1986) (internal quotation marks omitted), then the exception applies. On the other hand, if the purpose of the law relates "to the protection of the government's pecuniary interest in the debtor's property," *Universal Life Church,* 128 F.3d at 1297, or to "adjudicate private rights," Edward Cooper Painting, 804 F.2d at 942(internal quotation marks omitted), then the

6

exception is inapplicable. The inquiry is objective: we examine the purpose of the law that the state seeks to enforce rather than the state's intent in enforcing the law in a particular case. *See United States v. Commonwealth Cos. (In re Commonwealth Cos.),* 913 F.2d 518, 523 n. 6 (8th Cir.1990); *United States v. Grooms,* No. Crim. A. 96-00071-C, 1997 WL 578752, at *3 (W.D.Va. Aug.29, 1997).

*Safety-Kleen, Incorporated (Pinewood) vs. Wyche (In re Safety Kleen Corporation),* 274 F.3d 846, 865 (4th Cir. 2001).

*Safety-Kleen* sets out two tests to determine the applicability of §362(b)(4): the pecuniary interest test and the private rights test. *EEOC v. McLean Trucking Co.,* 834 F.2d 398, 401 (4th Cir. 1987 (applying private rights test); *In re Cutting Edge Enterprises, Inc.,* 372 B.R. 255, 262 (Bankr.M.D.N.C.2007) (applying pecuniary interest test). The pecuniary interest test addresses the question of whether the governmental unit is acting to further public health, safety or welfare as opposed to furthering the governmental unit's own pecuniary interest. There must be a recognizable public purpose and if there is, it may not be used as a ruse to further the governmental unit's pecuniary interest. The private rights test addresses the question of whether the governmental unit is acting to further public health, safety or welfare as opposed to furthering a private party's rights. Again, there must be a recognizable public purpose and if there is, it may not be used as a ruse to further the rights of a private party.

The Court of Appeals recognized that many actions contain both a public purpose and either a governmental unit's own pecuniary interest or a private party's rights. *Safety-Kleen,* 274 F.3d at 865-866. Many statutes have dual (or even multiple purposes) and, for a creative lawyer, it is easy to find a public purpose in every statute. *Chao v. Hospital Staffing Services, Inc.,* 270 F.3d 374, 389 (6th Cir. 2001) ("All acts of Congress by definition declare national policy, and lawsuits to enforce those acts necessarily effectuate the public policy of the United States."). If the test were simply to find a public purpose or a public policy, virtually all actions brought by governmental units would

7

be excluded from §362(a) by virtue of §362(b)(4). The exception would devour the rule. The Court

of Appeals for the Fourth Circuit discussed the problem. It stated:

> Of course, many laws have a dual purpose of promoting the public welfare as well
> as protecting the state's pecuniary interest. The fact that one purpose of the law is
> to protect the state's pecuniary interest does not necessarily mean that the exception
> is inapplicable. Rather, we must determine the primary purpose of the law that the
> state is attempting to enforce. *See Yellow Cab Coop. v. Metro Taxi, Inc. (In re
> Yellow Cab Coop.), 132 F.3d 591, 597 (10th Cir. 1997); Javens v. City of Hazel Park
> (In re Javens), 107 F.3d 359, 367-68 (6th Cir. 1997); EEOC v. Rath Packing Co., 787
> F.2d 318, 324 (8th Cir. 1986). But see Universal Life Church, 128 F.3d at 1299*
> ("Only if the action is pursued *solely* to advance a pecuniary interest of the
> governmental unit will the automatic stay bar it." (emphasis added) (internal
> quotation marks omitted)). Likewise, the fact that the state action requires the debtor
> to make an expenditure does not necessarily mean that the regulatory exception is
> inapplicable.   *See, e.g., Commonwealth Oil Refining Co. v. EPA (In re
> Commonwealth Oil Refining Co.)*, 805 F.2d 1175, 1186 (5th Cir. 1986) (holding that
> the EPA could force debtor to comply with environmental regulations even though
> compliance would cause debtor to spend money).

*Safety-Kleen*, 274 F.3d at 865-866.

An action is not an action to enforce a police and regulatory power if the governmental unit

is seeking primarily to further its pecuniary interests. *In re Thomassen*, 15 B.R. 907, 909 (9th Cir.

BAP 1981). The governmental unit is acting in its capacity as a creditor, not in its capacity as

protector of the public's health or safety. *See e.g., F.T.C. v. AmeriDebt*, 343 F.Supp.2d 451

(D.Md.2004). Such actions fall outside the scope of the §362(b)(4) exception. The purpose of the

Bankruptcy Code is to resolve debtor-creditor issues. The automatic stay furthers this public policy.

In a liquidation case, it enables the trustee to assemble the debtor's assets, reduce them to money

and distribute them in accordance with the distribution scheme established by Congress. In a

reorganization case, it gives the debtor a brief respite to attempt to restructure its financial affairs

and repay its creditors. When a governmental unit seeks to exercise its creditor remedies under the

guise of its police or regulatory powers, it disrupts the bankruptcy proceeding to the detriment of

8

other creditors. *See Board of Supervisors for the County of Campbell v. Royal (In re Royal)*, 137 Fed.Appx. 537 (4th Cir.2005) (unpublished opinion).

An action is not an action to enforce a police and regulatory power if the governmental unit is seeking primarily to further private rights. *EEOC v. McLean Trucking Co.*, 834 F.2d at 401. In *McLean Trucking*, the EEOC sued McLean Trucking which was in bankruptcy. The suit sought an injunction against further discrimination and back pay for several affected employees. The Court of Appeals easily found that a suit for injunctive relief was within the police and regulatory exception to the automatic stay. The real issue was the back pay issue. The back pay would be paid solely to the affected employees. This looked like the government suing to enforce the private rights of the affected employees by merely substituting itself for a private party. The exclusion under §362(b)(4) is for the benefit of the public, not private parties. Private parties should not be able to achieve indirectly what they may not achieve directly. *See also E.E.O.C. v. Rath Packing Co.*, 787 F.2d 318 (8th Cir.1986).

The Court of Appeals had to determine the primary purpose of the Equal Employment Opportunity Act because the public purpose of the Act and the private rights of interested parties were intertwined. *Safety-Kleen*, 274 F.3d at 865. In *McLean Trucking Co.*, the Court of Appeals found that the additional prayer for back pay effectuated the strong public policy of eliminating discrimination in the workplace which was the primary purpose of the statute. 834 F.2d at 402. *See also In re Cloverleaf Enterprises, Inc.*, 2009 WL 3066643 (Bankr.D.Md.2009.)

The ITC argues that the public policy underlying the Tariff Act of 1930 is the protection of domestic industries from patent infringement. The remedy is preventing infringing articles from being imported into the United States. This public policy is not sufficient. It is as stated in *Chao*

*v. Hospital Staffing Services, Inc.*, the type that can be found in every public law. It is unlike the public policy prohibiting racial, gender or age discrimination in the workplace. The public policy argument is belied in this case by the fact that several respondents were dismissed from the ITC action because they entered into a settlement with LSI and Agere. Settlements are within the province of the private litigants, although subject to approval by the ITC. The terms of the settlement agreements were not presented at the hearing. It is not known how they protected domestic industry, but it is not difficult to infer that such settlements generally require the respondent to pay a license fee to LSI and Agere. They do not change the essential dynamics of the domestic market and are the same results that can be achieved in a patent infringement suit. A patent infringement suit is not within the ambit of §362(b)(4). It is brought by a private litigant for its own benefit. The resolution affects the parties but not the essential dynamics of domestic industry. The result in a patent infringement case and an ITC action are essentially the same. The remedy in an ITC action is broader as to imported goods, but does not affect domestically produced goods. The primary purpose of the applicable provisions of the Tariff Act of 1930 is to protect patent holders. The action is primarily for the benefit of the private parties.

*Spansion, Inc.*, 418 B.R. 84 (Bankr.D.Del.2009) addressed the same issue. It found that "the ITC offered a public policy argument in broad strokes only, and presented no specific evidence that the public interest does and should outweigh the considerations involving adjudication of the private dispute between Spansion and Samsung." *Id.* at 95. That Bankruptcy Court concluded that the ITC was not exercising its police and regulatory power and that the action was not exempt from the automatic stay under Bankruptcy Code § 362(b)(4). *Id.* at 95. This case is no different from *Spansion.* While there is no pecuniary gain for the government in an ITC action, there is also no

10

significant public policy advanced by the ITC action presented in this case. LSI's and Agere's

objectives were to enforce their patent rights against private parties for their own benefit. The ITC

action furthers the goal of preventing unfair competition at best only incidentally. If the ITC action

were brought *by* the ITC – which it is not – the ITC would be doing so for the private benefit of LSI

and Agere.


### Conclusion

The pending ITC action does not satisfy the pecuniary interest test and the private rights test.

The particular action now pending before the ITC is not within the ambit of §362(b)(4). It is stayed

by the automatic stay.

Alexandria, Virginia
February 16, 2010

/s/Robert G. Mayer

Robert G. Mayer
United States Bankruptcy Judge

copies to:

Robert K. Coulter
Jeffrey Anderson Showalter
Robert H. Chappell, III

15756

11